[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 369.]

THE STATE OF OHIO, APPELLEE, *v*. WICKLINE, APPELLANT.

[Cite as *State v. Wickline*, 1996-Ohio-19.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to show good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B).*

(No. 95-690—Submitted September 26, 1995—Decided January 24, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 87AP-46.

———————————

{¶ 1} Appellant, William D. Wickline, was convicted of the aggravated murders of Christopher and Peggy Lerch, and was sentenced to death for the aggravated murder of Peggy Lerch. The court of appeals affirmed his convictions and death sentence. *State v. Wickline* (Dec. 20, 1988), Franklin App. No. 87AP-46, unreported. This court affirmed the court of appeals' judgment. *State v. Wickline* (1990), 50 Ohio St.3d 114, 552 N.E.2d 913.

{¶ 2} On June 17, 1991, Wickline filed a petition for post-conviction relief in the Franklin County Court of Common Pleas. Among his sixty-two claims for relief, Wickline alleged ineffective assistance of appellate counsel. On February 19, 1992, this court held that ineffective-appellate-counsel claims are not cognizable in post-conviction actions. *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.

{¶ 3} On May 8, 1992, the trial court dismissed Wickline's post-conviction petition in its entirety, and Wickline appealed. In that appeal, Wickline pressed his claim that ineffective assistance of counsel on direct appeal justified post-conviction relief, despite our explicit rejection of that contention in *Murnahan*. The

court of appeals affirmed the trial court's dismissal of the post-conviction petition. *State v. Wickline* (June 28, 1994), Franklin App. No. 93APA10-1411, unreported, 1994 WL 314055. With respect to Wickline's ineffective-appellate-counsel claim, the court of appeals specifically held that *Murnahan* precluded such a claim in a proceeding for post-conviction relief. Wickline attempted to appeal this judgment, but we overruled his motion in support of jurisdiction. *State v. Wickline* (1994), 71 Ohio St.3d 1405, 641 N.E.2d 202, reconsideration denied (1994), 71 Ohio St.3d 1430, 642 N.E.2d 637.

{¶ 4} According to the parties, on November 14, 1994, Wickline filed in the court of appeals an application to reopen the direct appeal of his conviction, pursuant to App.R. 26(B), alleging ineffective assistance of appellate counsel. The court of appeals denied the application because it had not been filed within ninety days of the effective date of amended App.R. 26(B), and Wickline had failed to show good cause for the untimely filing. This appeal followed.

_____

*Michael Miller*, Franklin County Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Dale A. Baich* and *William S. Lazarow*, Assistant Public Defenders, for appellant.

_____

*Per Curiam*.

{¶ 5} Under App.R. 26(B)(2)(b), an application for reopening requires "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment." Here, the appellate judgment was journalized on December 20, 1988, but the appellant did not file his application for reopening until November 14, 1994. Thus, Wickline was required to show good cause for the delay.

**{¶ 6}** Wickline seeks to excuse his late filing on the grounds that App.R. 26(B) did not exist at the time the appellate judgment was journalized. However, in *State v. Reddick* (1995), 72 Ohio St.3d 88, 90, 647 N.E.2d 784, 786, we held that "an applicant who seeks to reopen an appellate judgment journalized before July 1, 1993 may not simply rely on the fact that App.R. 26(B) did not exist within the ninety days following journalization of the appellate judgment, but must show good cause why he or she did not attempt to invoke the procedures available under former App.R. 26 and 14(B)."

**{¶ 7}** Wickline claims that the court of appeals denied him due process by "retroactively" invoking the time limit of amended App.R. 26(B) to bar his claim. While the *Ex Post Facto* Clause of the United States Constitution applies only to legislative enactments, "due process places similar constraints on a court's power to apply precedent to cases arising before the precedent was announced." *State v. Webb* (1994), 70 Ohio St.3d 325, 330, 638 N.E.2d 1023, 1029, fn. 1; see, also, *State v. Garner* (1995), 74 Ohio St.3d 49, 57, 656 N.E.2d 623, 633.

**{¶ 8}** Wickline contends that, until *Murnahan*, *supra*, motions to reopen an appeal were not an available remedy for ineffective assistance of appellate counsel. That is wrong; as *Reddick* amply demonstrates, *Murnahan* did not create a new remedy. But even if it had, retroactive application of *Murnahan* would not "punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission; nor deprive one charged with crime of any defense available according to law at the time when the act was committed." *Collins v. Youngblood* (1990), 497 U.S. 37, 52, 110 S.Ct. 2715, 2724, 111 L.Ed.2d 30, 45. Thus, no issue exists under the *Ex Post Facto* Clause.

**{¶ 9}** The failure of Wickline's claim under the *Ex Post Facto* Clause is fatal to his due process claim. A state court may apply its own precedents retroactively, so long as the application does not amount to an *ex post facto* law.

"A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward." *Great N. Ry. Co. v. Sunburst Oil & Refining Co.* (1932), 287 U.S. 358, 364, 55 S.Ct. 145, 148, 77 L.Ed. 360, 366 (Cardozo, J.).

{¶ 10} Wickline claims App.R. 26(B)'s good-cause requirement denies him due process, because litigants with valid claims of ineffective appellate counsel are denied an "effective" remedy for the constitutional violation. This amounts to a contention that a litigant's delay, no matter how long, must be forgiven even though there was *no valid reason for the delay.* We reject that contention.

{¶ 11} Wickline also claims the ninety-day deadline discriminates between rich and poor appellants because the latter will be unable to obtain new counsel in time to discover their former counsel's errors within ninety days of judgment. But Wickline lacks standing to raise this issue. He has never claimed that *he* was unable to file a timely application due to indigency. In fact, the court of appeals stated that "[a]ppellant has been represented by counsel throughout the course of these proceedings."

{¶ 12} In another proposition of law, Wickline asserts his substantive claim of ineffective appellate counsel. The court of appeals never reached that claim, and it is not properly before us. Finally, Wickline complains that the court of appeals ordered eighty-nine pages of his attorney's ninety-one-page sworn statement to be stricken.[1] Because the application was untimely filed, this issue is moot.

{¶ 13} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---

1. Pursuant to App.R. 26(B)(2)(d), Wickline attached to his application a ninety-one-page affidavit executed by his present counsel. This affidavit argued in detail the merits of certain arguments

---

allegedly forgone by his original appellate counsel in 1988. The court of appeals ordered that eighty-nine pages of this affidavit be stricken.