[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 315.]

THE STATE OF OHIO, APPELLEE, *v*. LANDRUM, APPELLANT.

[Cite as *State v. Landrum*, 1999-Ohio-71.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction as required by App.R. 26(B).*

(No. 99-994—Submitted October 19, 1999—Decided December 22, 1999.)

APPEAL from the Court of Appeals for Ross County, No. 86CA1330.

———————————

{¶ 1} Appellant, Lawrence A. Landrum, was convicted of the aggravated murder of Harold White, Sr. and sentenced to death. Landrum was also sentenced to prison for aggravated burglary. The court of appeals affirmed the convictions and sentence. *State v. Landrum* (Jan. 12, 1989), Ross App. No. 1330, unreported, 1989 WL 4244. On direct appeal as of right, we also affirmed. *State v. Landrum* (1990), 53 Ohio St.3d 107, 559 N.E.2d 710. In May 1991, we granted a stay of execution to enable Landrum to file a petition for postconviction relief, *State v. Landrum* (1991), 60 Ohio St.3d 706, 573 N.E.2d 668, but Landrum never filed a petition for postconviction relief until 1996.

{¶ 2} In September 1998, Landrum first filed an App.R. 26(B) application to reopen his appeal in the court of appeals, asserting that he had received ineffective assistance of counsel in his original appeal that was decided in January 1989. In April 1999, the court of appeals rejected that application as untimely and noted that Landrum "was represented by several different attorneys during the seven years after representation by his trial and appellate counsel ended," but still

offered "no good reason explaining why this lengthy period elapsed before he filed his App.R. 26(B) application."

{¶ 3} Landrum now appeals the court of appeals' rejection of his App.R. 26(B) application to reopen his 1989 appeal.

_____

*Scott W. Nusbaum*, Ross County Prosecuting Attorney, and *Michael L. Collyer*, Special Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *Pam Prude-Smithers*, Assistant Public Defender, for appellant.

_____

*Per Curiam.*

{¶ 4} We agree with the court of appeals that Landrum's application to reopen his appeal was untimely under App.R. 26(B) and that Landrum failed to show "good cause" for the untimely filing. See, also, *State v. Fox* (1998), 83 Ohio St.3d 514, 700 N.E.2d 1253; *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053.

{¶ 5} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____