[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 277.]

THE STATE OF OHIO, APPELLEE, *v*. DUNLAP, APPELLANT.

[Cite as *State v. Dunlap*, 2000-Ohio-159.]

*Appellate procedure—Application for reopening appeal from conviction based on claim of ineffective assistance of appellate counsel—Denial of application for failing to show good cause for filing application more than ninety days after journalization of court of appeals' decision affirming conviction as required by App.R. 26(B)—Judgment of court of appeals affirmed.*

(No. 99-2300—Submitted April 25, 2000—Decided July 12, 2000.)

APPEAL from the Court of Appeals for Hamilton County, No. C-930121.

_____

{¶ 1} Appellant, Timothy Dunlap, was convicted of the aggravated murder of Belinda Bolanos and sentenced to death. Dunlap was also sentenced to prison for aggravated robbery. The court of appeals affirmed the convictions and sentence. *State v. Dunlap* (July 27, 1994), Hamilton App. No. C-930121, unreported, 1994 WL 388689. On direct appeal as of right, we also affirmed. *State v. Dunlap* (1995), 73 Ohio St.3d 308, 652 N.E.2d 988, certiorari denied, *Dunlap v. Ohio* (1996), 516 U.S. 1096, 116 S.Ct. 822, 133 L.Ed.2d 765. In October 1995, we granted a stay of execution pending Dunlap's petition for certiorari to the United States Supreme Court. *State v. Dunlap* (1995), 74 Ohio St.3d 1438, 655 N.E.2d 1321. In August 1996, we stayed execution of the death penalty, pending disposition of Dunlap's petition for post-conviction relief of judgment. *State v. Dunlap* (1996), 76 Ohio St.3d 1448, 668 N.E.2d 922.

{¶ 2} Subsequently, the trial court dismissed Dunlap's petition for post-conviction relief, and the court of appeals affirmed the trial court's judgment dismissing the petition. *State v. Dunlap* (June 26, 1998), Hamilton App. No. C-

970117, unreported, 1998 WL 337041. Dunlap then appealed to our court, but we dismissed the appeal. *State v. Dunlap* (1998), 83 Ohio St.3d 1472, 701 N.E.2d 380.

{¶ 3} On July 21, 1999, Dunlap filed an App.R. 26(B) application to reopen his appeal in the court of appeals, asserting that he had received ineffective assistance of counsel in his original appeal that was decided in July 1994. On November 15, 1999, the court of appeals rejected Dunlap's application, in that he had "failed to show good cause for filing his application more than ninety days after" the court of appeals had journalized its judgment. Dunlap now appeals the court of appeals' decision to reject his App.R. 26(B) application to reopen his 1994 appeal.

_____

*David H. Bodiker*, Ohio Public Defender, and *Lori Leon*, Assistant Public Defender, for appellant.

_____

***Per Curiam.***

{¶ 4} We agree with the court of appeals that Dunlap's application to reopen his appeal was untimely under App.R. 26(B). See, also, *State v. Fox* (1998), 83 Ohio St.3d 514, 700 N.E.2d 1253; *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053.

{¶ 5} Dunlap asserts, however, that he had "good cause" because the same counsel, Elizabeth E. Agar, represented him in the original appeal to the court of appeals and in this court. Counsel cannot be expected to argue his or her own ineffectiveness. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529-530, 639 N.E.2d 784, 785.

{¶ 6} However, different counsel, Randy D. Ashburn and Tracey A. Leonard, both of whom are Assistant State Public Defenders, represented Dunlap in connection with this case in October 1995. Also, Tracey Leonard and Richard J. Vickers represented Dunlap before the court of appeals and our court in his 1998

2

appeal of the denial of his petition for post-conviction relief. See *State v. Dunlap* (June 26, 1998), Hamilton App. No. C-970117, unreported, 1998 WL 337041. Given that Dunlap had new counsel as of October 1995, Dunlap has not satisfactorily explained or justified the delay from October 1995 until July 1999 when he filed his App.R. 26(B) application. Thus, the court of appeals correctly rejected Dunlap's application as untimely.

{¶ 7} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

───────────────

**LUNDBERG STRATTON, J., dissenting.**

{¶ 8} I respectfully dissent and would grant defendant's App.R. 26(B) application to reopen his appeal.

───────────────