THE STATE OF OHIO, APPELLEE, v. MASON, APPELLANT.

[Cite as State v. Mason (2000), 90 Ohio St.3d 66.]

(No. 00–5—Submitted July 6, 2000—Decided September 20, 2000.)

Jim Slagle, Marion County Prosecuting Attorney, for appellee.

Patricia A. Snyder, for appellant.

Per Curiam. We affirm the judgment of the court of appeals. "Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for

untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.'" *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053. Admittedly, Mason's application to reopen his appeal was untimely.

Mason asserts, however, that he had "good cause" for late filing because the same counsel, William F. Kluge and David C. Stebbins, represented him in the original appeal to the court of appeals, in the original appeal to this court, in filing a petition for post-conviction relief, and in the appeals from denial of that relief. Mason argues that counsel cannot be expected to argue his or her own ineffectiveness. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529–530, 639 N.E.2d 784, 785.

However, different counsel, Patricia A. Snyder, along with Stebbins, represented Mason before the United States District Court in connection with his July 15, 1999 petition for habeas corpus relief. Mason has not explained when Snyder first began to represent him, nor has he explained or justified the delay from the beginning of that representation until the filing of the App.R. 26(B) application in September 1999. Thus, Mason has not demonstrated "good cause" for the late filing as required by App.R. 26(B). Thus, the court of appeals correctly rejected Mason's application as untimely.

The court of appeals also found that the twelve assignments of error raised by Mason "fail to show there is a genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal." We agree. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.