[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 66.]

THE STATE OF OHIO, APPELLEE, *v*. MASON, APPELLANT.

[Cite as *State v. Mason*, 2000-Ohio-14.]

*Appellate procedure—Application to reopen appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction as required by App.R. 26(B).*

(No. 00-5—Submitted July 6, 2000—Decided September 20, 2000.)

APPEAL from the Court of Appeals for Marion County, No. C-9-96-70.

_____

{¶ 1} Appellant, Maurice Mason, was convicted of the aggravated murder of Robin Dennis and sentenced to death. Mason was also convicted of rape and having a weapon under disability and sentenced to prison. The court of appeals affirmed the convictions and sentence. *State v. Mason* (Dec. 9, 1996), Marion App. No. C-9-94-45, unreported, 1996 WL 715480. On direct appeal as of right, we also affirmed. *State v. Mason* (1998), 82 Ohio St.3d 144, 694 N.E.2d 932, certiorari denied, *Mason v. Ohio* (1998), 525 U.S. 1057, 119 S.Ct. 624, 142 L.Ed.2d 562.

{¶ 2} In November 1996, the trial court dismissed Mason's petition for post-conviction relief from judgment, and the court of appeals affirmed the trial court's judgment. *State v. Mason* (June 6, 1997), Marion App. No. C-9-96-70, unreported, 1997 WL 317431. We disallowed that appeal. *State v. Mason* (1997), 80 Ohio St.3d 1426, 685 N.E.2d 238. The United States District Court has also denied Mason's petition for habeas corpus relief from the judgment of conviction and the sentence. *Mason v. Mitchell* (N.D.Ohio 2000), 95 F.Supp.2d 744.

{¶ 3} On September 13, 1999, Mason filed an App.R. 26(B) application to reopen his appeal in the court of appeals, asserting that he had received ineffective

assistance of counsel in his original appeal decided in December 1996. In November 1999, the court of appeals rejected that application, noting, *inter alia*, that "the application [was] not filed within ninety days of the December 9, 1996 appellate judgment, as required by App.R. 26(B)(1), and appellant fails to show good cause for the application being filed untimely." Mason now appeals that decision.

—————————

*Jim Slagle*, Marion County Prosecuting Attorney, for appellee.

*Patricia A. Snyder*, for appellant.

—————————

***Per Curiam.***

{¶ 4} We affirm the judgment of the court of appeals. "Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.' " *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053. Admittedly, Mason's application to reopen his appeal was untimely.

{¶ 5} Mason asserts, however, that he had "good cause" for late filing because the same counsel, William F. Kluge and David C. Stebbins, represented him in the original appeal to the court of appeals, in the original appeal to this court, in filing a petition for post-conviction relief, and in the appeals from denial of that relief. Mason argues that counsel cannot be expected to argue his or her own ineffectiveness. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529-530, 639 N.E.2d 784, 785.

{¶ 6} However, different counsel, Patricia A. Snyder, along with Stebbins, represented Mason before the United States District Court in connection with his July 15, 1999 petition for habeas corpus relief. Mason has not explained when Snyder first began to represent him, nor has he explained or justified the delay from

2

the beginning of that representation until the filing of the App.R. 26(B) application in September 1999. Thus, Mason has not demonstrated "good cause" for the late filing as required by App.R. 26(B). Thus, the court of appeals correctly rejected Mason's application as untimely.

{¶ 7} The court of appeals also found that the twelve assignments of error raised by Mason "fail to show there is a genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal." We agree. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____