JOURNAL ENTRY AND OPINION
Applicant, James L. Blackmon, has filed an application for reopening pursuant to App.R. 26(B). The applicant is attempting to reopen the appellate judgment as rendered by this court in State v. Blackmon (July 18, 1985), Cuyahoga App. No. 48787, unreported, which affirmed the applicant's conviction for two counts of rape. For the following reasons, we decline to reopen the applicant's appeal.
 App.R. 26(B)(1) and 26(B)(2)(b) require that a showing of good cause must be established when an application for reopening is filed more that ninety days after journalization of the appellate judgment. Herein, the judgment of this court, which affirmed the applicant's conviction for two counts of rape, was journalized on July 29, 1985. The applicant filed his application for reopening on June 30, 2000, more than fourteen years after journalization of the appellate judgment in State v. Blackmon, supra. The applicant is thus required to establish good cause for failure to timely file the application for reopening. State v. Winstead (1996), 74 Ohio St.3d 277; State v. Wickline (1996), 74 Ohio St.3d 369.
Herein, Blackmon argues that the inability to secure counsel, lack of knowledge of the remedy provided by App.R. 26(B), and inadequate access to his record prevented the timely filing of the application for reopening. None of the aforesaid reasons constitute good cause for the untimely filing of the application for reopening. State v. Reddick
(1995), 72 Ohio 5t.3d 88; State v. Collins (July 3, 1995), Cuyahoga App. No. 67165, unreported, reopening disallowed (Feb. 10, 1997), Motion No. 77984; State v. Miller (Mar. 23, 1992), Cuyahoga App. No. 59987, unreported, reopening disallowed (Mar. 18, 1997), Motion No. 79261; Statev. Bridgeman (Feb. 19, 1980), Cuyahoga App. No. 39346, unreported, reopening disallowed (Feb. 28, 1997), Motion No. 77614. Based upon a failure to establish good cause for the untimely filing of the application f or reopening we decline to reopen the applicant's appeal.
In addition, the doctrine of res judicata prevents reopening of the applicant's appeal. The principles of res judicata may be applied to bar further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175 . Claims of ineffective assistance of appellate counsel may be barred by resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60 . In the case subjudice, the applicant possessed a prior opportunity to challenge the effectiveness of his appellate counsel through an appeal to the Supreme Court of Ohio. In fact, the applicant did file an appeal, pro se, with the Supreme Court of Ohio on June 15, 1987. Since the Supreme Court of Ohio dismissed the applicant's appeal on November 4, 1987, res judicata
now bars any further review of the claim of ineffective assistance of appellate counsel. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. Statev Dehler (1995), 73 Ohio St.3d 307; State v. Terrell (1995),72 Ohio St.3d 247; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
 Finally, a substantive review of the brief in support of the application for reopening fails to support the claim of ineffective assistance of appellate counsel. Appellate counsel is not required to raise and argue meritless assignments of error. Jones v. Barnes (1983), 463 U.S. 745. This court's consideration of the applicant's proposed assignments of error, as raised through the application for reopening, would not have resulted in a reversal of the applicant's conviction for two counts of rape. Strickland v. Washington (1984), 466 U.S. 668; State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.3d 299.
Accordingly, the application for reopening is denied.
ANNE L. KILBANE, J., JAMES M. PORTER, J., CONCUR