JOURNAL ENTRY AND OPINION
Applicant, Jacob Owens, has filed an application for reopening pursuant to App.R. 26(B). The applicant is attempting to reopen the appellate judgment that was rendered by this court in State v. Owens (Dec. 10, 1998), Cuyahoga App. No. 73889, unreported, which affirmed the applicant's conviction for one count of aggravated burglary (R.C. 2911.11), two counts of aggravated robbery (R.C. 2911.01) and one count of felonious assault (R.C. 2903.11). We decline to grant the application for reopening for the following reasons.
App.R. 26(B)(1) and 26(B)(2)(b) mandate that a showing of "good cause" must be presented and established by the applicant when an application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. Herein, the appellate judgment, which affirmed the applicant's conviction for the offenses of aggravated burglary, aggravated robbery, and felonious assault, was journalized on December 21, 1998. The applicant filed his application for reopening on October 12, 2000, more than one year and eight months after journalization of the appellate judgment in State v. Owens, supra. The applicant is thus required to establish "good cause" for the untimely filing of his application for reopening. State v. Winstead (1996),74 Ohio St.3d 277; State v. Wickline (1996), 74 Ohio St.3d 369.
In an attempt to establish "good cause" for the untimely filing of his application for reopening, the applicant argues that:
 Defendant-Appellant (sic) is ignorant of a lot of factors surrounding the law and the pursuitment (sic) of his constitutional rights. Only recently has Defendant-Appellant (sic) came (sic) across the pertinent factors of Appellate Rule 26. Defendant-Appellant (sic)is not a practicing attorney and therefore would not be abreast of all circumstances and the time constraints surrounding criminal prosecution.
Applicant's supporting brief, at 2.
The arguments of lack of knowledge and lack of counsel do not establish "good cause" for the untimely filing of the application for reopening.State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317; State v. Durr (Dec. 7, 1989), Cuyahoga App. No. 57140, unreported, reopening disallowed (July 6, 1994), Motion No. 40924, affirmed (1994), 71 Ohio St.3d 395; State v.Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, unreported, reopening disallowed (July 8, 1996), Motion No. 67054. Thus, the applicant's application for reopening is fatally defective and must be denied.
Notwithstanding the fact that the application for reopening was filed untimely and without "good cause," a substantive review of the brief in support of the application for reopening fails to demonstrate the existence of ineffective assistance of appellate counsel. In an appeal to this court, appellate counsel is not required to argue assignments of error which are meritless. Jones v. Barnes (1983), 463 U.S. 745.
The applicant's initial proposed assignment of error is that:
 THE TRIAL COURT FAILED TO INFORM THE DEFENDANT-APPELLANT OF THE LIMITED RIGHT TO APPEAL FROM THE TRIAL COURT'S SENTENCE WHICH WAS CONTRARY TO THE MANDATE OF THE STATUTORY CODE AND WELL ESTABLISHED LAW.
Contrary to the applicant's argument, the trial court informed the applicant of his right to an appeal. The trial court opined that:
 THE COURT: All right. I also want Jacob Owens, you to know that you have the right to appeal. If you would like to appeal, please —
MR. Friedman: He will.
 THE COURT: Please indicate to your attorney and we will appoint appellate counsel if you don't have an attorney. We will also provide you with a transcript if you can not afford to purchase a transcript.
 Your notice of appeal must be filed within 30 days. Communicate with the attorneys that you have to do the necessary steps if you wish to appeal.
 Journal Entry
APPLICATION BY APPELLANT, PRO SE, FOR REOPENING OF APPEAL PURSUANT TO APPELLATE RULE 26(B) IS DENIED. SEE ENTRY DATED DECEMBER 13, 2000.
Tr. Vol II. p. 506.
Clearly, the trial court discharged its duty as to notification of the right to an appeal. Appellate counsel was not deficient on appeal by failing to argue the issue of lack of notification of the right to an appeal.
The applicant's second and third proposed assignments of error, which have a common basis in law and fact, are:
 THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT-APPELLANT TO A TERM OF IMPRISONMENT GREATER THAN THE MINIMUM WHEN IT HAD FULL KNOWLEDGE THAT IT WAS HIS FIRST FELONY CONVICTION.
 DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE TRIAL COURT'S SENTENCE WHEN COUNSEL KNEW, OR SHOULD HAVE KNOW, THAT THE OHIO CRIMINAL SENTENCING STATUTE CALLED FOR MINIMUM PRISON TIME.
Contrary to the applicant's argument, the sentence of the trial court was not defective. A trial court is not required to repeat "talismanic words" from R.C. 2929.14 in order to impose a sentence greater than the minimum term of incarceration. State v. Finch (1998), 131 Ohio App.3d 571. Substantial compliance with R.C. 2929.14 is all that is required. Statev. Taylor (Feb. 14, 2000), Butler App. No. CA99-02-24, unreported; Statev. Thomas (Aug. 30, 1999), Butler App. No. CA99-01-017, unreported. Herein, a review of the trial court record and the trial transcript reveals that the trial court provided adequate findings on the record to indicate sufficient compliance with the requirements of R.C. 2929.14
which allowed the imposition of a sentence of incarceration greater than the minimum sentence of incarceration indicated for the offenses of aggravated burglary, aggravated robbery, and felonious assault. State v.Garcia (1998), 126 Ohio App.3d 485. Thus, appellate counsel was not required to raise the issue of a defective sentence upon appeal to this court.
Consideration of the three proposed assignments of error, as raised through the application for reopening, would not have resulted in a reversal of the applicant's conviction for the offenses of aggravated burglary, aggravated robbery, and felonious assault. In addition, we find no error associated with the sentence of incarceration as imposed by the trial court and appellate counsel was not ineffective upon appeal to this court. Strickland v. Washington (1984), 466 U.S. 668; State v. Smith
(1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
Accordingly, the application for reopening is denied.
DIANE KARPINSKI, J., AND ANNE J. KILBANE, J., CONCURS.