OPINION
Plaintiff-appellant, Hassan O. Muhammad, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint pursuant to a Civ.R. 12(B)(6) motion of defendant-appellee, John Kinkela, Chief of the Ohio Adult Parole Authority, to dismiss for failure to state a claim upon which relief can be granted. For the reasons that follow, we affirm in part and reverse in part.
According to a journal entry attached to his complaint, appellant was convicted in Cuyahoga County in 1972 of two counts of first degree murder and sentenced to consecutive indeterminate (life) sentences. The journal entry states, in pertinent part, that appellant was to "be imprisoned and confined in the Ohio Penitentiary, Columbus, Ohio, under each count for an indeterminate period," and that "[s]entence as to each count to run consecutively." (Exhibit A to complaint.) In 1978, appellant was charged with escape and assault and received an additional sentence of two to five years. (Complaint, paragraph 4.) In 1992, twenty years after his first-degree murder convictions, appellant received his first parole hearing. Id. At that hearing, appellant was denied parole and informed that he would be receiving a five year continuance for the escape and assault charge. Id.
On April 29, 1998, appellant was again seen by the parole board which informed appellant that the first hearing had been held in error, and the 1998 hearing was now his initial hearing. (Complaint, paragraph 5.) Appellant was told that, under new parole guidelines, his minimum punishment phase had been increased, and that to become eligible for parole he would now be required to serve a minimum of three hundred months (twenty-five years) plus an additional fifty-eight months for the escape and assault charge, for a grand total to be served of three hundred and fifty-eight months (twenty-nine years, ten months) to life. (Complaint, paragraphs 5, 14.) Appellant was also informed at the 1998 hearing that his institutional behavior was not a factor in the parole board's release consideration in that he was ineligible for a reduction in time served for outstanding program achievement because he had yet to serve his minimum punishment phase, now set at three hundred and fifty-eight months. (Complaint, paragraph 9.)
After pursuing an administrative remedy, appellant filed suit on October 12, 1999 seeking declaratory and injunctive relief. In his complaint, appellant asked that the new parole board guidelines be declared invalid as applied to him as a violation of Ohio's prohibition against retroactive laws and as a violation of the ex post facto clause of the Ohio and United States Constitutions. (Complaint, paragraph 17.) Appellant also claimed that the new parole board guidelines, as applied to him, were in conflict with the statutory law of Ohio and, therefore, invalid. (Complaint, paragraph 22.) Specifically, appellant claimed that former R.C. 2967.13(G) applies to him as he was convicted of two counts of first-degree murder and sentenced to consecutive life terms in 1972. That statute provides, in pertinent part, that "a prisoner serving a sentence of imprisonment for life for the offense of first degree murder or aggravated murder, which sentence was imposed for an offense committed prior to October 19, 1981, consecutively to any other term of imprisonment becomes eligible for parole after serving fifteen full years as to each such sentence of life imprisonment * * * except that in no case shall the total number of years that such a person is required to serve before becoming eligible for parole exceed twenty years of imprisonment." (See complaint, Exhibit E.) Thus, by declaring his 1992 hearing to be a nullity and by requiring appellant to serve three hundred months on his first degree murder convictions before becoming eligible for parole, appellant alleged that the parole board had usurped the authority of the Ohio General Assembly in a manner directly contrary to statute. (Complaint, paragraph 22.) Appellant requested that his parole hearing, held April 29, 1998, be declared invalid and that he be provided a new hearing. (Complaint, Prayer for Relief at 11.)
On November 16, 1999, appellee filed a motion to dismiss for failure to state a claim upon which relief could be granted. On April 12, 2000, the trial court granted appellee's motion, and dismissed the complaint.
The trial court held that appellant did not have a constitutionally protected liberty interest in parole and, therefore, he could be denied parole without due process. Additionally, the trial court held that, because appellant did not assert that he was denied parole for a constitutionally impermissible reason, such as race, the decision to deny him parole was not subject to judicial review. The trial court also held that the ex post facto clause does not apply to parole guidelines. Relying on this court's decision in State v. Caslin (Sept. 29, 1998), Franklin App. No. 98AP-463, unreported, the trial court held that even if the ex post facto clause did apply, there was no change to appellant's imposed sentence, only a change in the adult parole authority's consideration of parole eligibility and, therefore, the new parole guidelines, applied prospectively, were not unconstitutional as applied to appellant. This appeal followed.
Appellant advances three assignments of error on appeal:
Assignment of Error No. 1
 THE COURT OF COMMON PLEAS WAS LEGALLY WRONG TO RULE THAT PAROLE GUIDELINES ARE NOT SUBJECT TO THE EX POST FACTO CLAUSE.
Assignment of Error No. 2
 THE COURT OF COMMON PLEAS WAS LEGALLY WRONG TO CONCLUDE THAT THE PAROLE BOARD HAS THE LEGAL AUTHORITY TO CHANGE PAROLE ELIGIBILITY, WHICH IS ESTABLISHED BY STATUTE (R.C. § 2967.13[G])
Assignment of Error No. 3
 THE COURT OF COMMON PLEAS ERRED BY APPLYING THE WRONG LEGAL STANDARD, RULING THAT APPELLANT ARGUED FOR PAROLE.
When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the complaint to determine if dismissal is appropriate. McGlonev. Grimshaw (1993), 86 Ohio App.3d 279, 285. The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. Id.
Dismissal of a claim for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144. In construing the complaint on a motion to dismiss, pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192. However, a court need not presume the truth of conclusions unsupported by factual allegations. Mitchell,supra, at 193.
In his first assignment of error, appellant argues that the trial court erred in ruling that the ex post facto clause does not apply to parole guidelines. Appellant argues that, because the parole guidelines have the force and effect of law, they are subject to review under the ex post facto clause. We disagree.
The ex post facto clause of the constitution prohibits any law that increases the punishment for a crime beyond the punishment prescribed for the crime when it was committed. See California Dept. of Corrections v.Morales (1995), 514 U.S. 499, 504. Legislation violates the ex post facto clause if it makes a previously innocent act criminal, increases the punishment for a crime after its commission, or deprives the accused of a defense available at the time the crime was committed. State v. Rush
(1998), 83 Ohio St.3d 53, 59.
R.C. 2967.03 grants the parole board discretion in granting parole. According to the "Parole Guidelines Chart" attached to appellant's complaint, the Ohio Parole Board has developed parole decision guidelines "[t]o promote a more consistent exercise of discretion, and enable fairer and more equitable decision-making without removing individual case consideration." (Exhibit G to complaint.) The parole board's use of internal guidelines does not alter the discretionary nature of the parole board's decision. State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123, 125. Unlike the ex post facto challenge brought to amendments to Michigan's parole laws governing frequency of parole review hearings in Shabazz v. Gabry (C.A.6, 1997), 123 F.3d 909, the Ohio guidelines are not legislative enactments, nor were they adopted in accordance with the statutory procedure for adopting rules. Because the parole guidelines are not a legislative enactment, the ex post facto clause does not apply to them. See State v. Wickline (1996),74 Ohio St.3d 369, 371 (ex post facto clause applies only to legislative enactments). Therefore, appellant has failed to raise a valid ex post facto claim and, accordingly, the first assignment of error is not well-taken.
In his second assignment of error, appellant argues that, by changing appellant's parole eligibility from twenty to twenty-five years, the parole board violated the specific statutory pronouncement of the Ohio General Assembly in R.C. 2967.13 that a prisoner sentenced before 1981 to consecutive life terms for first degree murder be eligible for parole after twenty years.[1]
While a prisoner in Ohio has no inherent right to parole, R.C. 2967.13
clearly establishes a right to parole eligibility, i.e., the right to a hearing. The actions of the parole board in requiring appellant to serve twenty-five years before becoming eligible for parole contravene the express language of the statute.
As discussed above, R.C. 2967.03 grants the parole board discretion in granting parole. It does not, however, grant discretion to that board to set an inmate's parole eligibility outside the statutory limit set forth in R.C. 2967.13(G). Clearly, the intent of the legislature was to require the parole authority to consider a prisoner at the time he statutorily becomes eligible for parole. See Gregory v. Stein (May 6, 1986), Scioto App. No. 1572, unreported (Grey, J., concurring); see, also, 1993 Ohio Atty. Gen. Ops. No. 93-073 ("pursuant to R.C. 2967.13, the General Assembly intended to grant a statutory right of eligibility to be considered for parole to an individual serving a life sentence for the forcible rape of a juvenile consecutive to another sentence of imprisonment. This section also defines when such an individual becomes eligible for parole consideration.") Thus, as the Ohio Attorney General has stated "if an individual serving a life sentence consecutive to another sentence of imprisonment has a legitimate claim of entitlement to be considered for parole, it is created pursuant to R.C. 2967.13." Id.
Even though appellant received a parole hearing in 1992, he alleges in his complaint that the parole board now considers his 1992 hearing (with a five year continuance) to have been an error, considers the 1998 hearing to be his initial hearing, and imposed an additional fifty-eight months to the three hundred months (twenty-five years) he was required to serve before becoming eligible for parole. Appellant claims the additional fifty-eight months are for the escape and assault charge for which he already received a five-year continuance in 1992.
Thus, presuming as we must, that the factual allegations in the complaint are true, we cannot conclude that it is beyond doubt that appellant could not prove a set of facts entitling him to succeed on his claim. Therefore, to the extent that appellant alleges the parole board violated R.C. 2967.13 by its conduct, appellant has stated a viable claim. The trial court, therefore, erred in dismissing appellant's complaint for failure to state a claim upon which relief could be granted. The second assignment of error is well-taken.
In his third assignment of error, appellant argues the trial court erred in ruling that appellant had requested that he be granted parole. Appellant contends that he did not argue for parole but, rather, set forth a claim that he has a right to a parole hearing pursuant to parole eligibility established by R.C. 2967.13(G). While it is true that there is no constitutional or inherent right to be conditionally released before the expiration of a valid sentence, that issue is not in contest. Appellant has argued that, even if the parole board should decide that appellant must serve the maximum sentence given to him by the trial court, he is still eligible for parole consideration after serving twenty years imprisonment. Because we agreed with appellant in connection with the second assignment of error that the actions of the parole board, as alleged in the complaint, appear to have violated appellant's statutory right to parole eligibility, our disposition of the second assignment of error renders this argument moot.
Based on the foregoing, the first assignment of error is overruled, the second assignment of error is sustained, and the third assignment of error is overruled as moot. The judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for further proceedings in accordance with this opinion.
BROWN and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.
[1] "Effective January 1, 1974, the General Assembly reclassified first-degree murder as `aggravated murder' and substituted a requirement of `prior calculation and design' to replace the more traditional `deliberate and premeditated malice.'" State v. Taylor (1997),78 Ohio St.3d 15, 18, citing 134 Ohio Laws, Part II, 1866, 1900, Am.Sub.H.B. No. 511. In addition, in divisions (B), (F), and (G), R.C.2967.13 limits its application in murder cases to sentences imposed prior to October 19, 1981, the date of Ohio's reenacted death penalty laws.Gregory v. Stein (May 6, 1986), Scioto App. No. 1572, unreported.