JOURNAL ENTRY AND OPINION
Applicant, Robert E. Lee, has filed an application for reopening pursuant to App.R. 26(B). The applicant is attempting to reopen the appellate judgment that was rendered by this Court in State v. Lee
(January 16, 1997), Cuyahoga App. No. 70122, unreported, which affirmed the applicant's conviction for the offenses of kidnapping (R.C. 2905.01) and rape (R.C. 2907.02). For the following reasons, we decline to reopen the applicant's appeal.
App.R. 26(B)(1) and App.R. 26(B)(2)(b) provide that a showing of "good cause" must be established by the applicant when the application for reopening is filed more than ninety days after journalization of the appellate judgment which is the subject of reopening. Herein, the appellate judgment, which affirmed the applicant's conviction for the offenses of kidnapping and rape, was journalized on January 27, 1997. The applicant filed his application for reopening on March 16, 2001, more than four years and one month after journalization of the appellate judgment which he seeks to reopen. The applicant is thus required to establish "good cause" for the untimely filing of his application for reopening.State v. Winstead (1996), 74 Ohio St.3d 277; State v. Wickline (1996),74 Ohio St.3d 369.
The applicant, in an attempt to establish "good cause," argues that the inability to secure counsel, lack of knowledge of the remedy provided by App.R. 26(B), and inadequate access to his record prevented the timely filing of the application for reopening. Not one of the aforesaid cited reasons constitutes "good cause" for the untimely filing of the application for reopening. State v. Reddick (1995), 72 Ohio St.3d 88;State v. Collins (July 3, 1995), Cuyahoga App. No. 67165, unreported, reopening disallowed (Feb. 10, 1997), Motion No. 77984; State v. Miller
(Mar. 23, 1992), Cuyahoga App. No. 59987, unreported, reopening disallowed (Mar. 18, 1997), Motion No. 79261; State v. Bridgeman (Feb. 19, 1980), Cuyahoga App. No. 39346, unreported, reopening disallowed (Feb. 28, 1997), Motion No. 77614. Based upon a failure to establish "good cause" for the untimely filing of the application for reopening, we decline to reopen the applicant's appeal.
The doctrine of res judicata also prevents this court from reopening the applicant's appeal. Errors of law that were either previously raised or could have been raised upon appeal may be barred from further reviewvis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 17, paragraph one of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60.
Herein, the applicant filed an appeal and a pro se memorandum in support of jurisdiction with the Supreme Court of Ohio and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed the applicant's appeal on or about September 2, 1997. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised through the appeal to the Supreme Court of Ohio, the doctrine ofres judicata now bars any further litigation of the claim. State v.Dehler (1995), 73 Ohio St.3d 307; State v. Terrell (1995),72 Ohio St.3d 247; State v. Smith (Jan 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed June 14, 1996), Motion No. 71793. Therefore, we decline to reopen the applicant's appeal.
It must also be noted that the two proposed assignments of error, as raised by the applicant in support of his claim of ineffective assistance of counsel, were previously raised in the applicant's appeal and found to be without merit. On appeal, this court examined the following issues: 1) trial court committed plain error in allowing the examining doctor to testify that it was his opinion that even where the data is negative of rape, that children will not lie about sexual abuse (assignment of error three); and 2) ineffective assistance of trial counsel as result of failing to call witnesses on behalf of the defendant during the course of trial (assignment of error two). Once again, the doctrine of resjudicata bars further review of the issues of improper testimony of a witness and ineffective assistance of trial counsel. State v. Murnahan,supra.
Accordingly, the application for reopening is denied.
JAMES D. SWEENEY, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR