JOURNAL ENTRY AND OPINION
The applicant, Eugene Johnson, has filed an application for reopening pursuant to App.R. 26 (B). The applicant is attempting to reopen the appellate judgment that was rendered by this Court in State v. Johnson
(Jan. 16, 1997), Cuyahoga App. No. 70234, unreported, which affirmed his conviction for murder (R.C. 2903.02) with a firearm specification. For the following reasons, we deny the applicant's application for reopening.
Pursuant to App.R. 26(B)(1) and 26(B)(2)(b), an applicant must demonstrate "a showing of good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. See, also, State v. Cooey
(1995), 73 Ohio St.3d 411, 653 N.E.2d 252; State v. Reddick (1995),72 Ohio St.3d 88, 647 N.E.2d 784. Herein, the applicant is attempting to reopen the appellate judgment that was journalized on Jan. 27, 1997. The application for reopening, however, was not filed until November 30, 2001, more than ninety days after journalization of the appellate judgment which affirmed his conviction for the offense of murder with a firearm specification. Thus, the applicant is required to establish "good cause" for the untimely filing of his application for reopening. Statev. Winstead (1996), 74 Ohio St.3d 277, 658 N.E.2d 722; State v. Wickline
(1996), 74 Ohio St.3d 369, 658 N.E.2d 1052.
In an attempt to establish "good cause" for the untimely filing of his application for reopening, the applicant argues that:
 Unknowing any form of jurisprudence, the Defendant's (sic) encountered some individuals, whom are incarcerated, and conversed; (sic) about this particular matter, and begin (sic) to see — (sic) that a blatant injustice, had been meeted (sic) out.
 Therefore, Appellant's (sic) realized; (sic) after reading numerous legal books, that; (sic) he could possibly; (sic) bring this matter; (sic) to the attention; (sic) of this Honorable Court, by way . . . of a Reopening of Appeal.
 Defendant-Appellant is not knowlegeable, (sic) as to the time constrinst, (sic) in refernece; (sic) to bringing forth claims, and was not certanily (sic) aware, (sic) of the limitations, (sic) as it related to reopenings (sic) of Appeals, (sic) because Appellant figured, (sic) that his attorney's (sic) was doing their best.
Applicant's "In re opposition to State's motion to dismiss defendant-appellant's reopening of appeal," at 3.
The arguments of lack of knowledge of App.R. 26(B) and the lack of knowledge of the time requirement established by App.R. 26(B)(1) do not establish "good cause" for the untimely filing of the application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027; State v. Trammell
(July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317,649 N.E.2d 1226; State v. Durr (Dec. 7, 1989), Cuyahoga App. No. 57140, unreported, reopening disallowed (July 6, 1994), Motion No. 40924, affirmed (1994), 71 Ohio St.3d 395, 643 N.E.2d 1147; State v. Allen
(Nov. 3, 1994), Cuyahoga App. No. 65806, unreported, reopening disallowed (July 8, 1996), Motion No. 67054. Thus, the applicant's application for reopening is fatally defective and must be denied.
In addition, the doctrine of res judicata prevents this Court from reopening the applicant's appeal. Res judicata may be applied to bar further litigation, in a criminal case, of issues that were raised previously or could have been raised previously in an appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Claims of ineffective assistance of appellate counsel may be barred byres judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In the case sub judice, the applicant possessed a prior opportunity to raise the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. In fact, the applicant did file an appeal, pro se, with the Supreme Court of Ohio on March 24, 1997. Since the Supreme Court of Ohio dismissed the applicant's appeal on or about June 2, 1997, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of appellate counsel. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v. Dehler (1995), 73 Ohio St.3d 307,652 N.E.2d 987; State v. Terrell (1995), 72 Ohio St.3d 247,648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
Finally, a substantive review of the applicant's brief in support of his application for reopening fails to support the claim of ineffective assistance of appellate counsel. Appellate counsel is not required to raise and argue assignments of error which are meritless. Jones v.Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Consideration by this Court of the applicant's two proposed assignments of error, which deal with the issues of sufficiency of the evidence and plain error, would not have resulted in a reversal of the applicant's conviction for the offense of murder with a firearm specification.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v.Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. Sufficient evidence was adduced at trial to support the applicant's conviction for the offense of murder with a firearm specification. Cf. State v. Sanders (2001),92 Ohio St.3d 245, 750 N.E.2d 90; State v. Tibbetts (2001),92 Ohio St.3d 146, 749 N.E.2d 226. In addition, we fail to find any plain error in the record before this Court. State v. Coley (2001),93 Ohio St.3d 253, 754 N.E.2d 1129; State v. Hartman (2001),93 Ohio St.3d 274, 754 N.E.2d 1150.
Accordingly, the application for reopening is denied.
MICHAEL J. CORRIGAN, P.J., CONCURS. ANNE L. KILBANE, J., CONCURS INJUDGMENT ONLY