JOURNAL ENTRY AND OPINION
Johnny Ray Fuller, the applicant, has filed an application for reopening pursuant to App.R. 26(B). Fuller is attempting to reopen the appellate judgment that was rendered in State v. Fuller (July 2, 1987), Cuyahoga App. No. 52131 which affirmed his conviction for the offense of murder (R.C. 2903.02) with a firearm specification (R.C. 2929.71). For the following reasons, we decline to reopen Fuller's original appeal.
As mandated by App.R. 26(B)(2)(b), Fuller must establish a showing of good cause if his application is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. See, also, State v. Cooey (1995), 73 Ohio St.3d 411, 653 N.E.2d 252;State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784. Herein, Fuller is attempting to reopen the appellate judgment that was journalized on July 13, 1987. Fuller's application for reopening, however, was not filed until April 22, 2002, more than fourteen years following journalization of the appellate judgment which affirmed his conviction for the offense of murder with a firearm specification. Thus, Fuller is required to establish good cause for the untimely filing of his application for reopening. State v. Winstead (1996), 74 Ohio St.3d 277, 658 N.E.2d 722;State v. Wickline (1996), 74 Ohio St.3d 369, 658 N.E.2d 1052.
In an attempt to establish good cause for the untimely filing of his application for reopening, Fuller argues that:
 "The reason why these proceedings are untimely is because appellant has been relying on memory to support his allegations of ineffective assitant (sic) of appellate counsel." Application for Reopening, p. 3.
Fuller has failed to demonstrate a showing of good cause for the untimely filing of his application for reopening. Thus, Fuller's application for reopening is fatally defective and must be summarily denied. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481, 634 N.E.2d 1027; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995),72 Ohio St.3d 317, 649 N.E.2d 317.
In addition, the doctrine of res judicata prevents this Court from reopening Fuller's appeal. Res judicata may be applied to bar further litigation, in a criminal case, of issues that were raised previously or could have been raised previously in an appeal. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Claims of ineffective assistance of appellate counsel may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In the case sub judice, Fuller possessed a prior opportunity to raise the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. In fact, Fuller did file an appeal, pro se, with the Supreme Court of Ohio. Since the Supreme Court of Ohio dismissed Fuller's appeal on April 27, 1988, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of appellate counsel. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State vDehler (1995), 73 Ohio St.3d 307, 652 N.E.2d 987; State v. Terrell
(1995), 72 Ohio St.3d 247, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793.
Finally, a review of Fuller's brief in support of his application for reopening fails to support the claim of ineffective assistance of appellate counsel. Fuller argues that he was provided ineffective assistance of appellate counsel as a result of the fact that appellate counsel was under a federal indictment at the time of the appeal as brought before this court. Fuller, however, has failed to demonstrate that appellate counsel was ineffective upon appeal as a result of the fact that he was under a federal indictment or that Fuller's conviction would have been reversed had this court considered the fact that appellate counsel was under a federal indictment at the time of the appeal. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128;Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. See, also,State v. Sanders (2001), 92 Ohio St.3d 245, 2001-Ohio-189, 750 N.E.2d 90;State v. Tibbetts (2001), 92 Ohio St.3d 146, 2001-Ohio-132, 749 N.E.2d 226. In addition, we do not find any plain error in the record before this court. State v. Coley (2001), 93 Ohio St.3d 253, 2001-Ohio-1340,754 N.E.2d 1129; State v. Hartman (2001), 93 Ohio St.3d 274,2001-Ohio-1580, 754 N.E.2d 1150.
Accordingly, Fuller's application for reopening is denied.
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.