JOURNAL ENTRY AND
On July 15, 1985, appellant pled guilty to one count of aggravated robbery, an aggravated felony of the first degree, and one count of attempted aggravated murder, a felony of the first degree. Appellant was sentenced to a term of imprisonment of 7 to 25 years on the attempted murder and to 8 to 25 years on the aggravated robbery, to run concurrent with the attempted murder sentence.
On February 6, 1986, appellant's initial appellate counsel filed a motion to withdraw as counsel, stating that he had examined the record of the trial court and was unable to present any assignments of error to support an appeal. Counsel was permitted to withdraw and appellant was notified on March 4, 1986. Appellant petitioned this court for appointment of new counsel on March 27, 1986. On July 29, 1986, appellant was appointed a second appellate counsel. Subsequently, on January 5, 1988, appellant's second counsel filed a motion to withdraw as counsel of record, alleging he had conscientiously examined the record and filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, which stated that there were no issues which could arguably support the appeal. On January 12, 1988, a letter was sent to appellant notifying him of counsel's motion, along with an explanatory letter per State v. Toney
(1970), 23 Ohio App.2d 203, informing appellant that, unless the court hears from him before March 7, 1988, the court would consider the proceedings in the trial court, and determine whether the brief counsel filed had merit. Appellant did not respond.
On April 6, 1988, this court issued an opinion addressing the four potential errors raised by appellant's counsel, reviewed the record of the proceedings in the trial court, and held that appellant's appeal was "wholly frivolous" and granted the motion of appellate counsel to withdraw as counsel of record. On April 6, 1988, the journal entry was filed with the clerk of courts and appellant was notified by letter that judgment had been rendered in his case.
Appellant is now before this court on an application for reopening his appeal alleging his second appellate counsel was ineffective in that he filed an Anders brief and a motion to withdraw as counsel instead of a direct appeal on several alleged potential errors which the court found. Specifically, appellant alleges an appellate issue of the violation of his speedy trial rights, no appeal of the denial by the trial court to suppress appellant's oral statement, failure of the prosecution to disclose the photograph arrays of appellant, and finally appellate counsel's failure to raise the error of lack of sufficient evidence to support a conviction.
Appellant's assignment of error and claim of ineffective assistance of appellate counsel are without merit.
The relevant case on this issue is that of State v. Murnahan (1992),63 Ohio St.3d 60, where, at paragraph three of the syllabus, the court stated:
 "Where the time period for reconsideration in the court of appeals and direct appeal to the Supreme Court has expired, a delayed claim of ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error took place, pursuant to App.R. 14(B) and 26, and if delayed reconsideration is denied then the defendant may file for delayed appeal in the Supreme Court, pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court."
The applicable appellate rule in this case is App.R. 26 titled "Application for reconsideration; application for reopening."
"(B) Application for reopening.
 (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
 (2) An application for reopening shall contain all of the following:
* * *
 (C) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation.
* * *
 (5) An application for reopening shall be granted if there is genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." [Emphasis added].
App.R. 14(B), which states "Enlargement or reduction of time," says:
 "For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time. The court may not enlarge or reduce the time for filing a notice of appeal or a motion to certify pursuant to App.R. 25. Enlargement of time to file an application to reconsider pursuant to App.R. 26(A) shall not be granted except on a showing of extraordinary circumstances."
Thus, the threshold question is, whether appellant can show good cause for filing his Rule 26(B) Application for Reopening more than twelve years after the journalization of the appellate decision which occurred on April 6, 1988. See State v. Wickline (1996), 74 Ohio St.3d 369.
Appellant has offered no good reason for his failure to file this application for reopening within the ninety (90) days required by App.R. 26(B). Appellant claims that he did not receive service of this Court's April 6, 1988 judgment until he requested it by a Notice of Freedom of Information Act on October 17, 2000.
As noted above, appellant was mailed notice of the April 6, 1988 judgment on the same day as the decision. Even if we were to assume that appellant did not receive notice of this court's decision, appellant has not shown "good cause" for his delay of twelve and one-half years before any effort to determine the outcome of his appeal. The Supreme Court of Ohio in the case of State v. Reddick (1995), 72 Ohio St.3d 88, stated, in part, "Lack of effort or imagination, and ignorance of the law, * * *, do not automatically establish good cause for failure to seek timely relief." Appellant here has shown no effort to determine the status of his appeal, even if he in fact did not receive notice.
Assuming arguendo that appellant had shown good cause for his delay in filing for reconsideration, appellant must still bear the burden of establishing a "colorable claim" of ineffective assistance of counsel as required by App.R. 26(B)(5) and that his claims are not barred by resjudicata.
The standard of review to be applied when assessing a defense request for reopening of appeal under App.R. 25(B)(5) is that of Strickland v.Washington (1984), 466 U.S. 668 and State v. Bradley (1989),42 Ohio St.3d 136. See, also, the recent case of State v. Reed (1996),74 Ohio St.3d 534.
The Strickland standard for ineffective assistance of counsel is that a defendant must demonstrate such serious errors of counsel that a defendant was prejudiced and, but for these errors, there was a reasonable probability that the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Therefore, to establish ineffective assistance of counsel, a defendant must show (1) deficient performance of counsel, and (2) resulting prejudice to the defendant.
Also, appellant must bear the burden of showing that his claims are not barred by the doctrine of res judicata. Under the doctrine of resjudicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings except on direct appeal, any defense or any claimed lack of due process that was raised or could have been raised at the trial which resulted in that conviction or on appeal from that judgment. See State v. Perry
(1967), 10 Ohio St.2d 175, 176, paragraph nine of the syllabus.
Appellant's allegation that his second appellate counsel was ineffective in that he filed an Anders brief and a motion to withdraw as counsel instead of a direct appeal on the several alleged errors listed by appellant is in error. A review of this court's April 6, 1988 opinion demonstrates that this court properly reviewed the requirements for anAnders brief and the procedure to be followed by courts in these types of cases before it issued its opinion.
Appellant's assignments of error in his application for reopening are also barred by the doctrine of res judicata. Appellant's argument concerning possible speedy trial violations was specifically addressed by this court where we noted:
 "In this judgment entry the trial judge, very specifically, reviewed the passage of time between the date of the appellant's arrest and the date of trial. The judge afforded the appellant credit for those days to which he was entitled pursuant to statute and, by the same token, deducted from such entitlement those days which were tolled pursuant to the provisions of R.C. 2945.72(E)."
This court also specifically addressed appellant's allegations concerning the trial court's denial of his motion to suppress certain evidence where we noted:
 "this plea of guilty was not conditioned upon any reservation of possible errors which might have occurred in prior rulings in the trial court. We further find that the trial judge entered into a meaningful dialogue with the appellant pursuant to Crim.R. 11(C)(2)."
Continuing on, this court noted:
 "Crim.R. 12(A) provides that, by entering a plea of no contest to a criminal charge, a defendant is not precluded from asserting upon appeal that the trial court prejudicially erred in ruling on a pre-trial motion, including a pre-trial motion to suppress evidence. In this case, the defendant entered not a plea of no contest but rather a plea of guilty.
 Unlike a plea of no contest, a plea of guilty operates as a waiver of claimed error of the trial court in failing to suppress evidence. Huber Hts. V. Duty (1985), 27 Ohio App.2d 244."
Appellant's last two claims relate to whether his trial counsel should have appealed certain identification evidence and on appeal his appellate counsel should have raised a lack of the sufficiency of the evidence necessary to support his conviction. Again, in our April 6, 1988 opinion, this court noted that:
 "A properly counseled and determined plea of guilty is an admission of factual guilt and renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. Menna v. New York (1975), 423 U.S. 61, 62-63."
In this case, appellant cannot challenge identification evidence nor raise the question of the sufficiency of the evidence because by pleading guilty he has admitted that he committed the crimes. His plea thus provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction. This court, in our prior opinion, noted that we had made a "full examination of the proceedings in the trial court and the brief of appointed counsel."
The two arguments of appellant not raised by appellant's second appellate counsel are factually and legally weak. Appellant's counsel might easily have discounted the possibility of success in raising these weak allegations. Appellant's counsel's decision not to raise these arguments does not create a genuine issue of ineffective assistance of counsel. See State v. Allen (1996), 77 Ohio St.3d 172.
Appellant has not met his burden of showing good cause for his delayed filing of this Rule 26(B) Application for Reopening. Also, appellant has not shown that there exists a genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal, nor has he established a colorable claim of ineffective assistance of counsel. Also, all of appellant's arguments in this application were, or could have been, raised on direct appeal and are barred by the doctrine of resjudicata.
VUKOVICH, P.J., concurs, DONOFRIO, J., concurs, WAITE, J., concurs.