JOURNAL ENTRY AND OPINION
Henry D. Coleman, the applicant, has filed an application for reopening pursuant to App.R. 26(3). Coleman is attempting to reopen the appellate judgment that was rendered by this Court in State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, unreported. On appeal, we affirmed Coleman's plea of guilty to one count of possession of crack cocaine in an amount greater than twenty-five grams but not exceeding one hundred grams (R.C. 2925.11). We decline to reopen Coleman's appeal for the following reasons.
App.R. 26(B)(1) and 26(3)(2)(b) provide that Coleman must demonstrate "a showing of good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. See, also, State v. Cooey (1995), 73 Ohio St.3d 411,653 N.E.2d 252; State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784. Coleman is attempting to reopen the appellate judgment that was journalized on February 27, 2001. Coleman, however, did not file his application for reopening until November 20, 2001, more than ninety dais after journalization of the appellate judgment which affirmed his plea of guilty to one count of possession of drugs. Thus, Coleman is required to establish "good cause" for the untimely filing of his application for reopening. State v. Winstead (1996), 74 Ohio St.3d 277, 658 N.E.2d 722;State v. Wickline (1996), 74 Ohio St.3d 369, 658 N.E.2d 1052.
In an attempt to establish good cause for the untimely filing of his application for reopening, Coleman argues that:
 Appellant herein contends that he was untimely in the filing of his foregoing application for reopening due to the fact that (1) he was not represented by competent appellate counsel after the conclusion of his first appeal as of right.
 Secondly, in the course of appellant not being represented by counsel at this stage of the proceedings, appellant was left with no other alternative but to fully familiarize himself with the filing procedures and the research and preparation of the issues he has raised herein and the application itself.
 Further, due to the Institutional Law Library here at Marion Correctional Institution, where appellant presently resides being inadequately maintained, there was insufficient resources, and materials for the appellant to facilitate researching, preparing and litigating the foregoing action in a timely manner.
Brief in support of App.R. 26(B) application for reopening, pg. 1.
The arguments of lack of counsel to prosecute an application for reopening, lack of knowledge of App.R. 26(B), and an inadequate law library do not establish "good cause" for the untimely filing of Coleman's application for reopening. State v. Klein (Apr. 3, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481,634 N.E.2d 1027; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317, 649 N.E.2d 1226; State v. Durr (Dec. 7, 1989), Cuyahoga App. No. 57140, unreported, reopening disallowed (July 6, 1994), Motion No. 40924, affirmed (1994), 71 Ohio St.3d 395,643 N.E.2d 1147; State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, unreported, reopening disallowed (July 8, 1996), Motion No. 67054. Thus, the applicant's application for reopening is fatally defective and must be denied.
The doctrine of res judicata also prevents this Court from reopening Coleman's appeal. Res judicata may be applied, in a criminal proceeding, to bar further litigation of issues that were raised previously or could have been raised previously in an appeal. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Claims of ineffective assistance of appellate counsel may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. Herein, Coleman possessed a prior opportunity to argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Coleman, in fact, did file an appeal, pro se, with the. Supreme Court of Ohio on May 15, 2001. Since the Supreme Court of Ohio dismissed Coleman's appeal on or about July 12, 2001, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of appellate counsel. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State vDehler (1995), 73 Ohio St.3d 307, 652 N.E.2d 987; State v. Terrell
(1995), 72 Ohio St.3d 247, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
Finally, a substantive review of Coleman's brief in support of the application for reopening fails to support the claim of ineffective assistance of appellate counsel. Coleman, through his two proposed assignments of errors argues that appellate counsel was ineffective as a result of failing to argue on appeal the following issues: 1) trial court erred by imposing a sentence of eight (8) years upon a "first time" offender; and 2) appellate counsel failed to raise the issue of ineffective assistance of trial counsel upon appeal to this Court.
Coleman's App.R. 9(B) record clearly demonstrates that the trial court did not err by imposing a sentence of eight (8) years following a plea of guilty to the offense of possession of drugs. The transcript of Coleman's plea clearly demonstrates that Coleman entered a voluntary, knowing, and intelligent plea of guilty to the offense of possession of drugs and that he agreed to a sentence of incarceration of eight (8) years in exchange for the dismissal of two additional serious felony charges that involved the offenses of possession of drug (R.C. 2925.11) with a major drug specification and trafficking in drugs (R.C. 2925.03).
 Ms. Hilo: Three counts of this indictment relate to him. The first count of this indictment relates to him. The first count is possession of drugs count in violation of 2925.11. As indicated, that count also contains a major drug offender specification, as it is an enhanced felony of the first degree, and carries a potential mandatory ten, plus an additional one to ten years, consecutive to that first ten year sentence.
 The second count is trafficking in cocaine, a violation of 2925.03. It is also enhanced by major drug offender specification, an enhanced felony of the first degree. It carries a potential mandatory penalty of ten years, plus and additional one to ten years.
 The third count is possession of drugs, violation of R.C. 2925.11 That is a felony of the first degree, carries a potential three to ten years, again a mandatory prison term.
 After discussions with defense counsel, with my supervisor, and with the officers involved in the arrest in this case, it is our understanding that the defendant will be pleading guilty to the third count as well as agreeing to serve a mandatory sentence of eight years in prison. Should that plea be forthcoming, the State would move to nolle first and second counts. This also carries a mandatory fine of $10,000, which at this Court's discretion would elevate to $20,000 and mandatory driving privileges suspension.
* * *
 Mr. McDonnell: That is a correct statement of the plea agreement. The prosecutors will drop the two counts that carry with it minimum mandatory 11 to 20 years on each. He will plead guilty to Count 3. He has agreed the sentence would be eight years.
 I've advised him of all his constitutional rights. I've spoken with him numerous times at the office and at all the pretrials. It is my professional opinion this will be a knowing, intelligent waiver of his rights as he enters this plea. No threats or promises have been made on my behalf other than what has been said here today. Thank you.
* * *
 The Court: You understand what the State of Ohio is willing to do is dismiss those first two charges, which together could total 40 years, both felonies of the first degree with enhanced provisions to add up to an additional ten years on each charge. Do you understand?
The Defendant: Yes, sir, sir.
* * *
 The Court: It has been suggested to the Court that there is an agreed sentence of eight years. Is that your understanding, Mr. Coleman?
The Defendant: Yes, sir, sir.
* * *
 The Court: As to Count 3, possession of drugs, a felony of the first degree, how do you plead?
The Defendant: I'm sorry.
 The Court: How do you plead to Count 3, possession of drugs?
The Defendant: That's what I'm being charged with?
The Court: Yes. How do you plead?
The Defendant: I plead guilty.
* * *
 The Court: I'm still required to take into account all the factors when I'm imposing or impose what the State and defense has agreed, which is eight years.
 I reviewed the facts, and I have spoken to Mr. McDonnell and Ms. Hilo, and the Court will go ahead with the eight year sentence as far as the agreement, I believe that is appropriate under these circumstances.
 So, eight years, Lorain Correctional Institute. That will be mandatory time. No judicial release will be considered. Five years driver's license suspension.
 Mr. Coleman, are you able to pay any mandatory fine of $10,000?
* * *
Tr., pgs. 2, 3, 5, 6, 10, 12.
In addition, the journal entry as Journalized on January 25, 2000, which documents Coleman's plea of guilty and resulting imposition of sentence, clearly demonstrates that the trial court considered all mandatory sentencing factors and properly imposed the agreed upon sentence of incarceration for eight years. See R.C. 2929.14; State v.Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. See, also, State v.Manns (Oct. 30, 2001), Clark App. No. 2000-CA-58; State v. Stallard
(Aug. 17, 2001), Huron App. No. H-01-013, unreported; State v. Engleman
(Aug. 18, 2000), Hamilton App. No. C-990845, unreported.
Finally, we find that appellate counsel was not ineffective for failing to raise on appeal the issue of ineffective assistance of trial counsel. Consideration by this Court of a claim of ineffective assistance of trial counsel would not have resulted in a reversal of the plea of guilty since there exists nothing in the record which demonstrates that Coleman's trial counsel was deficient prior to and during the plea of guilty.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v.Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. On appeal to this Court, appellate counsel is not required to raise and argue assignments of error which are meritless. Jones v. Barnes (1983), 463 U.S. 745,103 S.Ct. 3308, 77 L.Ed.2d 987.
Accordingly, Coleman's application for reopening is denied.
DIANE KARPINSKI, J., and MICHAEL J. CORRIGAN, J., CONCUR.