The STATE of Ohio, Appellee,

v.

MICHAEL, Appellant.

[Cite as *State v. Michael* (1996), 114 Ohio App.3d 523.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 91–C–39.

Decided Oct. 2, 1996.

*Robert L. Herron,* Columbiana County Prosecuting Attorney, for appellee.

*Robert A. Michael, pro se.*

*Per Curiam.*

On December 19, 1990, the defendant-appellant, a sixteen-year-old juvenile, was charged in the Columbiana County Juvenile Court with aggravated burglary and felonious assault. The prosecution moved for a transfer by bindover proceedings to try appellant as an adult. On March 28, 1991, a bindover hearing was held in juvenile court, and on April 2, 1991, the court ordered appellant tried as an adult. On April 3, 1991, a second complaint was filed against appellant, alleging various burglaries, attempted burglaries, and a misdemeanor charge of receiving stolen property. A second bindover hearing was held on April 15, 1991, and all matters were ordered to be heard in the common pleas court, general division. Appellant was then indicted on seven counts of burglary or aggravated burglary, one count of complicity to aggravated burglary, and one count of felonious assault.

On May 6, 1991, the trial court set the case for trial on July 8, 1991. On June 7, 1991, various motions were filed by the defendant, and the trial court held the hearings and ruled on the various motions on June 18, 1991.

The trial was held on this matter on July 8, 9, and 10, 1991. On July 10, 1991, the jury convicted the appellant, and he was subsequently sentenced according to law.

On July 12, 1991, a notice of appeal in this matter was filed. The judgment of the trial court was affirmed by this court on July 23, 1993.

Appellant is now before this court on an application for delayed reconsideration of his appeal due to alleged ineffective assistance of appellate counsel in that

appellate counsel did not raise the issue of appellant's being denied his statutory right to a speedy trial. Appellant notes that R.C. 2945.71(C)(2) requires that a person against whom a felony is pending be brought to trial within two hundred seventy days and that each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. Appellant states that he was at all times continuously held in jail, and therefore he should have been brought to trial within ninety days as required by the statute.

Appellant also notes that when a juvenile is bound over, the ninety-day limit under R.C. 2945.71 for bringing him to a trial as an adult starts to run at the time the juvenile court relinquishes jurisdiction. Accordingly, the April 2, 1991 bindover of appellant gave the court of common pleas, general division, jurisdiction over the appellant on all charges. Hence, appellant is alleging that the period of time between April 2, 1991 and the beginning of trial on July 8, 1991 was ninety-seven days, which is beyond the ninety-day period for beginning of the trial, in violation of the speedy trial requirements under Ohio law.

Appellant also alleges that the period between June 7, 1991, when the motions were filed in the common pleas court, and June 18, 1991, when those motions were heard and ruled upon, must be counted against the state and not added onto the speedy time calculations, since the docket does not indicate who filed the motions. Appellant cites *State v. Mincy* (1983), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571 and *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328.

Appellant cites App.R. 26(B)(1), titled Application for Reopening, which states:

"A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

Appellant, by affidavit, states that prior to being transferred to the Lucasville Correctional Facility, he had attempted to contact his appellate counsel and learn the status of his appeal in the matter and that he never got a response. He alleges that in April 1996, he wrote to the Ohio Public Defender's Commission in Columbus and asked them for assistance in finding out the status of the appeal in this case. He states that in May 1996 the Ohio Public Defender's Commission sent him a copy of this court's opinion dated July 23, 1993, whereby this court affirmed his convictions. Thus, appellant feels that he had made a good faith effort to attempt to determine the status of his appeal and that he was not able to do so until May 1996.

Appellee alleges that appellant has not shown the good cause required for filing outside the ninety-day time limit, that appellant was required to have invoked the procedures available under former App.R. 26 and 14(B), and that he has not given any adequate reason why he did not do so sooner. Appellee also asserts that the appellant's statutory right to a speedy trial was not violated, in that R.C. 2945.72 provides:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

" * * *

"(E) Any period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused."

Appellee states that the motions filed on June 7, 1991 and heard and overruled on June 18, 1991 tolled the statutory time period for speedy trial.

Appellant's assignment of error and claim of ineffective assistance of appellate counsel are without merit.

■ The relevant case on this issue, of course, is *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, where the court stated in paragraph three of the syllabus:

"Where the time period for reconsideration in the court of appeals and direct appeal to the Supreme Court has expired, a delayed claim of ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error took place, pursuant to App.R. 26 and 14(B), and if delayed reconsideration is denied then the defendant may file for delayed appeal in the Supreme Court, pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court."

The applicable appellate rule is App.R. 26:

"(B) Application for reopening.

"(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment *unless the applicant shows good cause* for filing at a later time.

"(2) An application for reopening shall contain all of the following:

" * * *

"(c) One or more assignments of error or arguments in support of assignments of error *that previously were not considered on the merits in the case by any*

*appellate court* or that were considered on an incomplete record because of appellate counsel's deficient representation.

" * * *

"(5) An application for reopening shall be *granted if there is genuine issue* as to whether the applicant was deprived of the effective assistance of counsel on appeal." (Emphasis added.)

App.R. 14(B) states:

"For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time. The court may not enlarge or reduce the time for filing a notice of appeal or a motion to certify pursuant to App.R. 25. Enlargement of time to file an application to reconsider pursuant to App.R. 26(A) shall not be granted except on a showing of extraordinary circumstances."

■ The threshold question is, did appellant show good cause for filing his App.R. 26(B) application for delayed reconsideration more than ninety days after the journalization of the appellate decision, on July 23, 1993? See *State v. Wickline* (1996), 74 Ohio St.3d 369, 658 N.E.2d 1052.

The delay of almost five years from the time the original appeal was filed on July 12, 1991 until this motion for reconsideration and the delay of almost three years from the time the judgment was affirmed on July 23, 1993 until this instant motion was filed is an extremely long time to delay filing a motion for reconsideration. The appellant's allegation that it was not until early this year that he received notice that his appeal was denied is not persuasive. Appellant is required to take some affirmative action to determine the status of his appeal, and the delay of five years between the filing of the appeal and the time when he discovered that the appeal was denied is excessive. Thus, appellant has not shown good cause for the delay in filing his application for reconsideration.

Assuming *arguendo* that appellant had shown good cause for his delay in filing for reconsideration, appellant must still bear the burden of establishing a colorable claim of ineffective assistance of counsel as required by App.R. 26(B)(5) and that his claims are not barred by *res judicata*.

A review of the original appeal in this case does not show that the claim of speedy trial was raised in that matter, hence it would seem that the alleged denial of the speedy trial is not *res judicata*.

Appellant fails on the requirement of establishing a colorable claim of ineffective assistance of counsel.

The standard of review to be applied when assessing a defense request for reopening on appeal under App.R. 26(B)(5) is that of *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 and *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

The *Strickland* standard for ineffective assistance of counsel is that a defendant must demonstrate such serious errors of counsel that a defendant was prejudiced and demonstrate that but for these errors, there was a reasonable probability that the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Therefore, to establish ineffective assistance of counsel, the defendant must show (1) deficient performance of counsel and (2) resulting prejudice to the defendant.

As noted by the appellant, the time between the court-ordered bindover of defendant as an adult and the starting of trial was ninety-seven days and would have been beyond the speedy trial limit had nothing else occurred between the bindover and the trial. No explanation was given by the trial court or the appellee why the trial was scheduled beyond the ninety-day period. But the trial court could have, at any time prior to the expiration of the ninety-day period, reset that trial within the ninety-day period and thus avoided the possible violation of the speedy trial time limit.

In his brief to this court, the appellant admits that he filed motions for severance, change of venue, and discovery and a motion *in limine* concerning alleged victim statements on June 7, 1991. The trial court ruled on those motions, as previously noted, on June 18, 1991, eleven days later, which is not an unreasonable delay by the trial court. Appellant states that the docket entries of June 7, 1991 do not show who filed the motions, and that the granting of any continuance must be recorded by the trial court in its journal entry, that the journal entry must identify the party against whom the continuance is chargeable, and that if the trial court is acting *sua sponte,* the journal entry must so indicate and must set forth the reasons justifying the continuance. Appellant cites *Mincy* and *Geraldo, supra.*

Appellant's arguments on this issue are without merit. Both *Geraldo* and *Mincy* involved an issue where the ninety-day period in which appellant was to be brought to trial expired before the court filed a journal entry continuing the case. In our case, clearly the motions of June 7, 1991, under R.C. 2945.72(H), which states, "The period of any continuance granted on the accused's own motion" extend the time by which an accused must be brought to trial, were admittedly initiated by the appellant and not by the prosecution or the trial court. Hence, the time between June 7, 1991 and June 18, 1991, which is eleven days, is tolled for the computation of speedy trial. Hence, the ninety-seven-day period between April 2, 1991, when defendant-appellant was bound over as an adult, and the

hearing date of July 8, 1991 is reduced by the eleven days which were tolled by the appellant's motions in this matter. Thus, the appellant was tried in eighty-six days.

Clearly, there was no speedy trial violation in this matter.

Appellant has not met his burden of showing good cause for delayed filing of this App.R. 26(B) application for delayed reconsideration. If he had met the good cause requirement for his delay, he has not met the requirement of establishing a colorable claim of ineffective assistance of counsel, in that there is no indication that the claim on appeal would have prevailed, and certainly from the evidence in this case and prior decisions the requirement of R.C. 2945.71 was met by the trial court in this matter.

The application for delayed reconsideration is denied.

*Application denied.*

JOSEPH E. O'NEILL, GENE DONOFRIO, and COX, JJ., concur.