I respectfully dissent from the majority opinion. I do so because I would dismiss this appeal as being improvidently allowed. My reasons follow.
I find appellant's Application For Reopening to be untimely filed under App. R. 26 (B)(1). Such application must be filed within ninety days from journalization of the appellate judgment unless good cause for filing at a later time is shown. The ninety day provision set forth in App. R. 26 (B)(1) became effective on July 1, 1993, more than six years after this Court's first opinion. However, an applicant who seeks to reopen an appellate judgment journalized before July 1, 1993 may not simply rely on the fact App. R. 26 (B)(1) did not exist within the ninety days following journalization of the appellate judgment, but must show good cause why he or she did not attempt to invoke the procedures available under former App. R. 26 and 14 (B). See, State v.Reddick, (1995), 72 Ohio St.3d 88 and State v. Wickline (1996),74 Ohio St.3d 369.
This Court's first appellate judgment was filed January 21, 1987. I concede any delay in appellant's not filing an application for reopening within ninety days, at that time, would be for good cause since this Court reversed appellant's conviction and sentence. However, upon the Ohio Supreme Court's reversal of this Court's decision on the merits of appellant's conviction as filed on October 26, 1988, such good cause was eliminated. The Ohio Supreme Court's remand to this Court to perform an independent review of the appropriateness and proportionality of the death penalty did not preclude such an application. Appellant's Application for Reopening was filed on July 7, 1997, more than 8 1/2 years after the Ohio Supreme Court's decision reinstating appellant's conviction.
Even if appellant did have the same appellate counsel during his first appeal to the Ohio Supreme Court, such fact does not, in and of itself, demonstrate good cause for the delay in filing an application for reopening under App. R. 26 (B). Appellant asserts such proposition in his Application for Reopening filed in this Court and cites State v. Cole (1982), 2 Ohio St.3d 112, in support. Upon review of Cole, I find it stands for the proposition that similarity of counsel bars application of the doctrine of res judicata. It does not address reasonableness of delay in raising the question of ineffectiveness of trial counsel or, as analogous here, appellate counsel. In Cole, there was no time limit for raising claims under R.C. 2953.21 (Petition for Post Conviction Relief) then existing. Timeliness or good cause for delay was not an issue in Cole.
I also note that according to the listing of counsel of record in the official reporting of all of appellant's appeals, no commonality of counsel exists. In the first appeal to this Court, Attorney Blakeslee is counsel of record. In the first appeal of this Court's decision to the Ohio Supreme Court, Attorneys Mackey and Tatarsky are counsel of record.
Contrary to appellant's claim in his Application for Reopening, I find appellant did have new or, at a minimum, additional appellate counsel in the Supreme Court than he did at the Court of Appeals in the person of Kathleen Tatarsky. Even if Mr. Mackey was co-counsel in the first appeal to this court and remained as co-counsel during the first appeal to the Ohio Supreme Court (as asserted in appellant's Application for Reopening), clearly Ms. Tatarsky was new appellate counsel and could have raised any claims of ineffectiveness of appellate counsel during this first appeal to the Ohio Supreme Court. Though the status of Mr. Mackey and Ms. Tatarsky was that of counsel for appellee in the first appeal to the Ohio Supreme Court, they nevertheless did file a cross-appeal. Claims asserting ineffective assistance of appellate counsel in capital cases must be raised in the first appeal as of right in the Supreme Court of Ohio unless, because of unusual circumstances, application of the doctrine of res judicata
would be unjust. State v. Williams (1996), 74 Ohio St.3d 454. If the previous appellate representation was, in fact, as portrayed by present appellate counsel in the Application For Reopening, such arguably could constitute sufficient "unusual circumstances" so as not to invoke res judicata because Mr. Mackey and Ms. Tatarsky were associates in the same law firm at that time.
In addition, appellant's present counsel, the Office of the Ohio Public Defender, was counsel of record before June 2, 1992, the date State v. Gillard (1992), 64 Ohio St.3d 304, was submitted for decision. Present appellate counsel was able to raise a new issue as to trial counsel's conflict of interest for the first time therein. Obviously, such claim, being a new one, would demonstrate ineffectiveness of appellate counsel in failing to have previously raised that issue at the appellate level. As noted by the majority, present appellate counsel did present the claims now asserted at the same time it first raised the issue of trial counsel's conflict of interest in the Supreme Court. The fact the Ohio Supreme Court did not address those other claims at that time may give rise to res judicata implications. It is clear the Ohio Supreme Court's decision in Gillard III did not address these claims. As such, any decision as to whether or not GillardIII bars consideration of appellant's present claims on the basis of res judicata is best left for the Ohio Supreme Court to determine. For this court to so determine now may be both premature and presumptuous. "Article IV of the Ohio Constitution designates a system of `superior' and `inferior' courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals." State, ex rel. Potain v. Mathews (1979), 59 Ohio St.2d 29. Likewise, this Court should be reluctant to determine the scope or effect of Gillard III as to issues not addressed therein. This Court recently took the position inFairchild v. Curtis (March 5, 1998), Guernsey App. No. 96CA33, unreported, that an issue raised in a subsequent appeal, which was previously raised in a prior appeal, was subject to our appellate review because the issue was not addressed by this Court in the prior appeal. We did not find res judicata or law of the case principles prevented our appellate review in the subsequent appeal.
Nevertheless, nothing prevented present appellate counsel from filing the instant application for reopening from that time (June 2, 1992) until July 7, 1997, a period of over 5 years. The fact that present appellate counsel was successful in securing a remand by the Ohio Supreme Court to the trial court on the new issue of trial counsel's conflict of interest, did not preclude or prevent it from filing the instant Application For Reopening sooner. Although this Court would have been without jurisdiction to rule on such application during the pendency of the various appeals to the Ohio Supreme Court[1] (in the absence of an order of limited remand from the Ohio Supreme Court), such does not excuse the failure to timely file such application in this Court.
For all the foregoing reasons, I find appellant's near 9 year delay in filing his Application For Reopening untimely. For a similar result see, State v. Williams, supra (10 year delay);State v. Peeples (1995), 73 Ohio St.3d 149 (almost 7 year delay); and State v. Michael (1996), 114 Ohio App.3d 523 (5 year delay).
[1] State v. Howe (1995), 73 Ohio St.3d 35.