JOURNAL ENTRY and OPINION, (Motion 12480)
On December 6, 1999, Fernando Lopez, applicant, filed an application to reopen his direct appeal decided by this court on May 24, 1999, which affirmed his convictions of three counts of rape and three counts of gross sexual imposition, all involving a minor. The prosecutor filed a brief opposing reopening and, for the reasons argued by the prosecutor and those that follow, we deny the application to reopen.
According to App.R. 26(B)(1) and (2)(b), a showing of good cause must be made when an application for reopening is filed more than ninety days after journalization of the appellate judgment. The judgment in this case was journalized on May 24, 1999. Applicant did not file for reopening until December 6, 1999, over three months beyond the allotted period. As a consequence, applicant must show good cause for his failure to file timely or the application for reopening may be denied. State v. Winstead (1996),74 Ohio St.3d 277, 658 N.E.2d 722; State v. Wickline (1996),74 Ohio St.3d 369, 658 N.E.2d 1052.
Applicant claims he was prevented from filing a timely application to reopen because he was unaware that his appeal had been decided. This bare statement alone would not be sufficient to constitute good cause for an untimely filing. State v. Ward (Sept. 13, 1993), Cuyahoga App. No. 63355, unreported, reopening disallowed (Feb. 20, 1998), Motion No. 88968. An applicant is required to exercise diligence and take some affirmative action to determine the status of his/her case. Id.; State v. Michael
(1996), 114 Ohio App.3d 523, 683 N.E.2d 435. Applicant herein has documented his efforts to determine the status of his appeal by attaching copies of his letters to his attorney from May, 1998 through September, 1999. See State v. Hammon (Feb. 3, 1999), Erie App. No. E-97-129, unreported. The prosecutor provided no evidence in contradiction, such as an authenticated copy of the prison mail log showing applicant's receipt of the opinion in his appeal from counsel or the clerk of court, and the prosecutor suggests in her brief in opposition that applicant may have good cause for his untimely filing. Absent evidence to the contrary, we accept applicant's showing as good cause. State v. Lambert (Feb. 17, 1999), Richland App. No. 97-CA-34-2, unreported.
An application for reopening will be granted "if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(2)(5); Statev. Linen (May 10, 1999), Cuyahoga App. Nos. 74070 and 74071, unreported, reopening granted (Feb. 17, 2000), Motion No. 8969;State v. Hull (Mar. 30, 1987), Cuyahoga App. No. 51853, unreported, reopening granted (Oct. 1, 1993), Motion No. 33708, convictions reaffirmed (Aug. 11, 1994), affirmed (1994), 71 Ohio St.3d 292,643 N.E.2d 546. In making this determination, we apply the two-prong analysis found in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. State v. Reed (1996), 74 Ohio St.3d 534,660 N.E.2d 456. The Strickland standard requires the following:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
466 U.S. 687-688, 104 S.Ct. at 2064; see State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
Appellate counsel is not ineffective necessarily for failing to raise a claim of error. Appellate counsel has no constitutional duty to raise every conceivable assignment of error on appeal.Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308,77 L.Ed.2d 987; State v. Gumm (1995), 73 Ohio St.3d 413, 428, 653 N.E.2d 253; see State v. Campbell (1994), 69 Ohio St.3d 38, 53, 630 N.E.2d 339. In fact, "[a] brief that raises every colorable issue runs the risk of burying good arguments in a verbal mound made up of strong and weak contentions." Jones, 463 U.S. at 753, 103 S.Ct. at 3313. "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every `colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy * * *" Jones, 463 U.S. at 754,103 S.Ct. at 3314; see State v. Rojas (1992), 64 Ohio St.3d 131, 141-142,592 N.E.2d 1376; State v. Watson (1991), 61 Ohio St.3d 1, 15-16,572 N.E.2d 97. Consequently, absent an egregious omission, the mere failure to present a specific assignment of error in addition to others raised on appeal will not constitute deficient performance of appellate counsel, i.e., performance falling below the norms of the profession.
Even when an applicant demonstrates the deficient performance of appellate counsel for failing to present an additional assignment of error, the applicant still must establish prejudice. See,e.g., Sharp v. Puckett (5th Cir. 1991), 930 F.2d 450. Prejudice is presumed in situations where the [un]assistance of counsel is tantamount to the denial of counsel on appeal. Penson v. Ohio
(1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. Otherwise, an applicant must show that there is a reasonable probability that, but for the unprofessional error(s), the result of the appeal would have been different. See Sharp, 930 F.2d at 452-453; State v. Reed
(1996), 74 Ohio St.3d 534, 660 N.E.2d 456. Counsel's omission of "a dead-bang winner" assignment of error, even though zealously pressing other strong but unsuccessful claims of error, could render counsel's assistance constitutionally ineffective. Page v.United States (7th Cir. 1989), 884 F.2d 300, 302.
Counsel for applicant raised the following two assignments of error in applicant's direct appeal:
 I. REPEATED BUT UNFOUNDED REFERENCES TO THE UNDETECTABILITY OF MANY CHILD ABUSE CASES CREATED UNFAIR, MATERIAL PREJUDICE IN THE MINDS OF THE JURY WHICH ALLOWED THEM TO FIND THE DEFENDANT OF (SIC) GUILTY.
 II. THE CONCLUSION OF THE JURY, IN FINDING THE DEFENDANT GUILTY ON THE FIRST THREE COUNTS OF EACH OFFENSE WAS IRRATIONAL, NOT SUPPORTED BY THE EVIDENCE WHICH THEY CONSIDERED, AND AGAINST THE MANIFEST WEIGHT OF THAT EVIDENCE.
Applicant contends appellate counsel was deficient in his performance on appeal for not raising these assignments of error in a federal constitutional context. Applicant claims he has been prejudiced thereby because he is now barred from presenting these issues in a federal habeas petition. Applicant, however, cannot substantiate his claim of prejudice since he is not precluded from raising these issues in the federal system. If a federal court determines in a federal habeas action that the failure to properly raise an issue in the state system is due to the ineffective assistance of appellate counsel, the federal court may hear the claim. Mapes v. Coyle (1999), 171 F.3d 408; Cooey v. Anderson
(N.D.Ohio 1997), 988 F. Supp. 1066; cf., Edwards v. Carpenter
(2000), 529 U.S. ___ (procedural default of ineffective assistance of counsel claim may bar consideration of ineffective assistance of counsel claim as "cause" for procedural default of another claim). The fact that applicant's appellate counsel did not present the assignments of error as federal constitutional violations does not preclude applicant from raising these issues in a federal habeas petition and having them reviewed by a federal court if counsel's failure to do so amounted to ineffective assistance of appellate counsel. See White v. Schotten (6th Cir. 2000), 201 F.3d 743. Consequently, applicant is not prejudiced as claimed.
Moreover, the focus of this court when reviewing an application for reopening is whether an applicant was deprived of the effective assistance of counsel on appeal in this court. App.R. 26(B)(5). An applicant is required to provide a sworn statement as to the manner in which an appellate attorney's claimed deficiency affected the outcome of the applicant's appeal. App.R. 26(B)(2)(d). Applicant has claimed potential prejudice in a future habeas proceeding in federal court based upon appellate counsel's performance on direct appeal, but applicant has made no argument of how counsel's performance affected his appeal in this court. Applicant has not shown that he had a reasonable probability of success on appeal had appellate counsel presented the assignments of error in a federal context.
Applicant also contends appellate counsel was ineffective on appeal for failing to raise a claim of ineffective assistance of trial counsel. Applicant claims that he told the trial judge there was a loss of communication between appointed counsel Thomas Shaughnessy and himself, that it was not in his best interest to continue with Mr. Shaughnessy, and that the judge denied his request without an inquiry. Applicant further contends that he could not speak English very well, that he did not have an interpreter to assist him; and that he did not understand with any accuracy what was being said during his pretrial[1] and trial proceedings.
The record in this matter contradicts applicant's assertions. The record indicates that the trial judge did discuss applicant's complaint of not being able to reach Mr. Shaughnessy (Jan. 30, 1998 Tr. 10-12) and that the court did appoint an interpreter to translate for applicant at his pretrial proceedings (Nov. 6, 1997 Tr. 2-3; Dec. 11, 1997 Tr. 3, 8-9) and at his trial (Feb. 9, 1998 Tr. 4). As an added precaution, on December 11, 1997, when applicant withdrew his plea of guilty, the trial judge appointed a second lawyer, Mariela Serrano, who was fluent in Spanish, to represent and assist applicant. Aside from the fact that applicant's claims are not supported in the record, applicant has not demonstrated any ineffective assistance of trial counsel. Consequently, applicant has not presented any viable issue of ineffective assistance of appellate counsel for failing to raise an assignment of error concerning the effectiveness of trial counsel.
Accordingly, the Application for Reopening is denied.
LEO M. SPELLACY, P.J. CONCURS, ANNE L. KILBANE, J. CONCURS
 ________________________ KENNETH A. ROCCO, JUDGE
[1] This court granted applicant's request to have his pretrial proceedings transcribed. See Entry No. 12481 dated March 3, 2000. On March 27, 2000, the court reporter filed four transcripts of pretrial proceedings held on September 16, 1997, November 6, 1997, December 11, 1997 and January 30, 1998.