OPINION
{¶ 1} Defendant-appellant, William Morris, appeals the finding in the Juvenile Division of the Butler County Court of Common Pleas that he was the perpetrator of sexual abuse against his daughter. We affirm the decision of the trial court.
 {¶ 2} The nine-year-old victim is appellant's daughter. Appellant and the victim's mother are divorced. At the time of the divorce, the mother was named the custodial parent and appellant received visitation with the victim.
 {¶ 3} When the victim was visiting appellant in early 1999, a young boy, Lamont Williams, age 12, who was living with appellant, engaged in sexual activity with the victim. Appellant testified that when he witnessed the sexual activity, he separated the children and then called the police to have Lamont arrested. Appellant denied ever engaging in sexual conduct with the victim.
 {¶ 4} However, as a result of the rape by Lamont, the victim began meeting with Judith Muer, a therapist at Catholic Social Services, on April 27, 2000. During treatment with Muer, the victim disclosed that appellant also sexually abused her.
 {¶ 5} On June 28, 2000, Butler County Children Services Board ("BCCSB") filed a complaint in the Juvenile Division of the Butler County Court of Common Pleas alleging that the victim was an abused and dependent child. The complaint alleged appellant was the perpetrator of the abuse. This was not a criminal complaint of child abuse against appellant.
 {¶ 6} During an April 24, 2001 hearing, Muer testified that the victim depicted her sexual abuse with Lamont in a drawing. In that drawing the victim also depicted appellant asking her "why did you do it with him and not me?"
 {¶ 7} The victim's guardian ad litem moved to allow the victim to testify by deposition. The guardian asked Muer if she believed it would be traumatic for the victim to testify in front of appellant. Muer testified that it would and that it would be less stressful for the victim to testify in a closed setting. When the court overruled appellant's objection, appellant's attorney then asked for an independent evaluation of the victim's ability to testify in open court. The court determined that Muer's testimony would be sufficient to show that testifying in front of appellant would be traumatic for the victim.
 {¶ 8} The court granted the motion to allow the victim to testify by deposition. Subsequently, the victim asked for Muer's presence as a support person while she testified in camera. Although appellant's counsel asked for a separation of witnesses, the court allowed Muer, as a support person, to sit in the room with the victim as she testified.
 {¶ 9} The victim was found to be an abused and dependent child. The court also found appellant to be the perpetrator of the abuse. This appeal follows wherein appellant raises two assignments of error.
Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELANT WILLIAM MORRIS BY DENYING HIS MOTION FOR SEPARATION OF WITNESSES."
 {¶ 11} Appellant argues the trial court "committed reversible error when it denied appellant his fundamental right to have all witnesses, who were not parties to the proceedings below, excluded from the hearing room."
 {¶ 12} A trial court has broad discretion in ruling on evidentiary matters. State v. Sage (1987), 31 Ohio St.3d 173. A trial court's decision as to the exclusion of witnesses will not be reversed absent an abuse of discretion. See In re Lyon Children (Feb. 1, 1999), Stark App. No. 1998CA00185, at 2. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Id., citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} The victim was alleged to be an abused child and requested to have Muer present as a support person during her testimony. Appellant objected and asked for a separation of witnesses. Evid.R. 615 authorizes separation of witnesses at the request of a party, but expressly excludes from its coverage "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Evid.R. 615(C).
 {¶ 14} Pursuant to R.C. 2152.81, when a juvenile is charged with committing a sexual offense, the victim may testify in a room other than that in which the proceeding is being held with a support person in the room, if the child sex-abuse victim is under 13. See R.C. 2152.81. R.C. 2152.81(A)(3) states: "the judge shall exclude from the room in which the deposition is to be taken every person except the child victim giving the testimony, the judge, * * *, one person chosen by the child victim giving the deposition, and any person whose presence the judge determines would contribute to the welfare and well-being of the child victim giving the deposition. The person chosen by the child victim shall not himself be a witness in the proceeding, and both before and during the deposition shall not discuss the testimony of the child victim with any other witness in the proceeding."
 {¶ 15} Even though the accused in this case is the victim's 81-year-old father, and R.C. 2152.81 only applies to cases where the accused is a juvenile, the procedure applies by analogy. Merely because there is no specific statutory authority for a juvenile court's action does not mean reversible error has occurred. See In re Henderson (Nov. 28, 1997), Lake App. No. 96-L-0068, at 5. The juvenile court is given broad discretion to order the proceedings before it so that they comport with the best interest of the child at issue, so long as the proceedings do not infringe upon the constitutional rights of the parties. See R.C.2151.31.
 {¶ 16} In State v. Lipp (Jan 29, 1988), Erie App. No. CA E-86-74, the appellant complained that a "support person," the child victim's counselor, testified at trial. Although the decision in Lipp relied upon R.C. 2945.481, the language of R.C. 2945.481 is substantially similar to R.C. 2152.81. The court in Lipp found that while allowing the counselor to testify at trial is contrary to statute, a review of the testimony demonstrated that nothing substantive was testified to and that the primary purpose of the counselor's appearance was to assure that she in no way coached the child victim during her testimony. Therefore, the court held that in the absence of any substantive testimony the appellant was not prejudiced by the testimony of the child victim's counselor. Id.
 {¶ 17} Likewise, in this case, appellant was not prejudiced by Muer's testimony. Appellant was the first witness to testify, called by the state as if on cross-examination. Muer was the second witness and her direct testimony was completed before she acted as a support person for the victim.
 {¶ 18} The court allowed Muer to act as the victim's support person with an admonition. The court informed Muer that she would "have to stay in the back of the room and you're going to have to * * * obviously I don't want to see anything like you're going to have to smile at her, but I don't see any nods or assurances that she's doing the right thing or the wrong thing. Like if she says something I don't want to see head nods or some sort of approval or disapproval over anything she's doing. If anything like that happens, obviously that will cause problems with that particular proceeding and it may lead to me asking you to leave, which will probably cause her more trauma if I have to have you leave which I certainly don't want to do since I'm letting you come in. So you can be there, but mind what you do okay?"
 {¶ 19} The victim testified in camera, and then Muer was called on redirect and cross-examination. The state stipulated "that [Muer] is not to speak about what she just heard, but only what she has learned and discussed in therapy sessions." Therefore, allowing Muer to act as the victim's support person did not taint Muer's testimony. A trial court does not abuse its discretion "by refusing to strike a witness' testimony * * * where the record fails to show that the testimony of the witness was tainted by the violation * * *." Matter of Lee (Dec. 17, 1992) Cuyahoga App. No. 63856, at 13-14, citing State v. Morris (1982),8 Ohio App.3d 12, paragraph two of the syllabus. Muer testified to nothing substantive when called on redirect and cross after acting as the victim's support person.
 {¶ 20} The decision to allow Muer to act as the victim's support person was not unreasonable, arbitrary, or unconscionable and was in the victim's best interest. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 21} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WILLIAM MORRIS BY NAMING HIM AS THE PERPETRATOR OF THE ABUSE COMMITTED AGAINST [THE VICTIM]."
 {¶ 22} Appellant argues he was denied effective assistance when "his trial counsel failed to request an independent evaluation of [the victim]." Muer testified that the victim may not have been exact with time frames and may have been confused as to "where he put it first" when indicating that she had been both vaginally and anally penetrated. Appellant argues this "strongly suggests that [the victim] may have been subjected to tainted interviews by her therapist and that the mother was actively involved in parental alienation." Therefore, appellant insists someone coached the victim to make the allegations against him, and his counsel "made no effort whatsoever to accomplish [an independent evaluation, and counsel's] failure to do so constitutes ineffective assistance of counsel."
 {¶ 23} However, the record reveals that appellant's trial counsel requested an independent evaluation of the victim. Appellant's trial counsel stated, "I'm requesting that at this point and time if they intend to have the child testify separate apart from the defendant in this case that we have a separate examination of that child by an independent source to determine the appropriateness of that child testifying either in court in the presence of all the parties or video or otherwise * * *. So I'm requesting independent evaluation if in fact you're going to permit her to testify * * *." The court responded, "I'm going to go ahead and let [Muer] testify as to her opinion as to whether or not it would be traumatic for [the victim] to testify in front of her father."
 {¶ 24} The standard for ineffective assistance of counsel is that a defendant must demonstrate such serious errors by counsel that a defendant was prejudiced and, but for these errors, there was a reasonable probability that the result of the trial would have been different. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. A reasonable probability is one sufficient to undermine confidence in the outcome of the proceedings. Id. at 694. Therefore, to establish ineffective assistance of counsel, a defendant must show 1) deficient performance of counsel, and 2) resulting prejudice to the defendant.State v. Michael (1996), 114 Ohio App.3d 523, 528.
 {¶ 25} Appellant has not shown that his trial counsel's performance was deficient. Clearly, trial counsel requested and made an effort to obtain an independent evaluation of the victim. Furthermore, appellant has not demonstrated a reasonable probability that the result of the trial would have been different if an independent evaluation of the victim was undertaken. Therefore, the second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.