[Cite as *State v. Martin*, 2017-Ohio-7453.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2016-T-0103<br>2016-T-0104** |
| DANIELLE K. MARTIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Trumbull County Court, Central District, Case Nos. 15 TRC 01554 A and 15 CRB 00443 A.

Judgment: Reversed and vacated.

*Dennis Watkins*, Trumbull County Prosecutor, and *Deena L. DeVico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Albert A. Palombaro*, 4822 Market Street, Boardman, OH 44512 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Danielle K. Martin, appeals from the trial court's final judgments following her no-contest pleas to operating a vehicle while impaired, failure to comply, marked lanes, and a seat belt violation. At issue is whether the trial court erred in denying her motion to dismiss all charges due to a violation of her right to a speedy trial. We reverse the trial court's judgment and vacate her convictions.

{¶2} Following a pursuit by officers on November 21, 2015, appellant was charged with operating a vehicle under the influence, no seatbelt, failure to stop at a red light, reckless operation, a marked lanes violation, open container, and failure to comply. A pretrial was set for December 14, 2015. On that date, appellant appeared with her attorney who, because he was new to the case, requested the matter be reset for pretrial. The court granted the request and reset the case for January 13, 2016. On that date, appellant again appeared with her attorney, who advised the court he had only received notice of the pretrial the previous day; he stated he had just received discovery and, as a result, again requested the court to reset the matter. The court granted the request and a pretrial was reset for February 8, 2016. On that date, appellant appeared with counsel. Counsel advised the state had extended a plea offer to appellant and, in order to fully consider the offer, requested a thirty-day continuance. The court granted the request. The matter was set for another pretrial on March 14, 2016. On that date, counsel for appellant indicated plea negotiations had not been "resolved." Counsel therefore requested the court to set the matter for trial.

{¶3} Trial was set for March 28, 2016. On that date, appellant appeared with counsel, but, "for good cause shown," the court reset the trial for May 2, 2016. On May 2, 2016, the trial court reset the trial date "[d]ue to conflicting notices" for May 16, 2016. On that date, appellant appeared with counsel. Counsel, however, sought leave to withdraw. The court granted counsel's motion and "reset [the] matter * * * to allow [appellant] to secure new counsel." On June 7, 2016, the matter was set for pretrial on June 20, 2016. On June 16, 2016, appellant retained new counsel and requested a continuance of the June 20 pretrial, which was granted. On June 29, 2016, appellant's

2

counsel filed a motion to dismiss based upon a violation of her right to a speedy trial, to which the state duly responded.

{¶4} On August 18, 2016, the trial court entered judgment denying appellant's motion. The court found 22 days were charged against the state from the date of the commencement of the speedy-trial clock, November 22, 2015 through the date of the first pretrial, December 14, 2015. The court determined speedy-trial time tolled from December 14, 2015 through March 14, 2016, due to motions to continue made by appellant's counsel. The court found 14 days charged against the state between March 14, 2016, when counsel requested the matter be set for trial, and March 28, 2016, when appellant appeared with counsel for trial, but the matter was reset for May 2, 2016. The court found the speedy-trial clock tolled from May 2, 2016 through May 16, 2016, the newly-set date of the trial, due to an illness from which appellant's counsel was suffering. The trial court further found the clock tolled from May 16, 2016, the date counsel was granted leave to withdraw, through June 16, 2016, due to appellant's lack of counsel. Finally, the court determined the speedy trial clock tolled from June 16, 2016, the date new counsel moved for a continuance, through June 29, 2016, the date of the filing of appellant's motion to dismiss. In total, the court found 36 days had passed for the purpose of speedy-trial calculation and concluded appellant's motion to dismiss must be denied.

{¶5} The trial court set appellant's case for jury trial on September 28, 2015. Appellant filed a motion to reconsider the trial court's judgment on September 7, 2016. It does not appear the trial court entered a formal ruling on the motion but, on October

3

3, 2016, appellant changed her plea to no contest to OVI, failure to comply, marked lanes and a seatbelt violation. Appellant filed this appeal assigning the following error:

{¶6} "The court erred when it denied the defendant's motion to dismiss for want of speedy trial."

{¶7} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). Ohio's speedy trial statute codifies the constitutional guarantee of a speedy trial. *Id.* Speedy trial issues present mixed questions of law and fact. *State v. Hiatt*, 120 Ohio App.3d 247, 261 (4th Dist.1997). We review questions of law de novo and apply the clearly erroneous standard to questions of fact. *State v. Evans*, 11th Dist. Trumbull No. 2003-T-0132, 2005-Ohio-1787, ¶32. Due deference is accorded the trial court's factual findings if they are supported by competent, credible evidence, but we freely review the application of law to the facts. *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773 (11th Dist.) When reviewing the legal issues presented in a speedy-trial challenge, appellate courts must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996). Appellate courts must count the days of delay chargeable to either side and determine whether the matter was tried within the time limits set by R.C. 2945.71. *State v. Blumensaadt,* 11th Dist. Lake No. 2000-L-107, 2001 WL 1116458, *6 (Sept. 21, 2001).

{¶8} R.C. 2945.71(B)(2) requires that a defendant charged on a first-degree misdemeanor be brought to trial within 90 days after arrest or service of summons. Appellant's highest charge was a misdemeanor of the first degree; thus, the state was

4

required to bring her to trial within 90 days of her arrest. Moreover, R.C. 2945.72 provides, in relevant part:

{¶9} "The time within which an accused must be brought to trial * * * may be extended only by the following:

{¶10} "* * *

{¶11} "(C) Any period of delay necessitated by the accused's lack of counsel * * *;

{¶12} "* * *

{¶13} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

{¶14} "* * *

{¶15} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

{¶16} The Ohio Supreme Court has held the granting of a continuance must be recorded by the trial court in its journal entry. *See e.g. State v. Siler*, 57 Ohio St.2d 1, 2 (representations made by defense counsel that he was unable to proceed with the case until a later time, and trial was scheduled for a later time, were insufficient to toll speedy-trial time because no entry was journalized indicating the motion was made.); *see also State v. Ignat*, 11th Dist. Portage No. 2010-P-0037, 2011-Ohio-871, ¶22. Moreover, "'the journal entry must identify the party to whom the continuance is chargeable.'" *Id.*, quoting *State v. Geraldo*, 13 Ohio App.3d 27, 30-31 (6th Dist.1983); *see also* R.C. 2945.72(H). And, finally, if the trial court is acting sua sponte, the journal entry must so indicate and must set forth the reasons supporting the continuance. *State v. Mincy*, 2 Ohio St.3d 6 (1983), syllabus. "The record of the trial court must in some manner

5

affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose." *State v. Lee*, 48 Ohio St.2d 208 (1976).

{¶17} In this case, appellant did not waive her right to a speedy trial; and, because she was not brought to trial within 90 days after her arrest, she established a prima facie case for a speedy-trial violation. Hence, the burden shifts to the state to establish any applicable tolling exceptions under R.C. 2945.72. If the state fails to meet its burden, the defendant must be discharged. R.C. 2945.73; *State v. Gray*, 2d Dist. Montgomery No. 20980, 2007-Ohio-4549, ¶15.

{¶18} It is clear that the period between November 22, 2015, the commencement of the speedy-trial clock, through December 14, 2015, 22 days, must be charged against the state. The record demonstrates, however, that from December 14, 2015 through March 14, 2016, speedy-trial time tolled due to continuances which were sought by appellant's counsel. The only record of these requests, however, are transcripts from discussions between the court and defense counsel. It is well-settled that a court only speaks through its journal entries. *Mincy*, *supra*, at 8. The court's journal entries, however, fail to disclose that appellant's counsel made the request. Strictly construing these points against the state, we must conclude the speedy-trial clock continued to run between these dates. *See Siler*, *supra*. (Supreme Court declined to accept state's argument that defense counsel's statements that he was unable to proceed until a later time and trial was, in fact, scheduled for a later time, insufficient to function as a formal continuance.) The trial court erred in concluding otherwise. 90 additional days must therefore be charged against the state, for a total of 112 days. In light of this calculation, appellant's statutory speedy trial time had elapsed and she was

6

entitled to discharge. Even if, however, we were to conclude that the transcription of counsel's requests was sufficient to toll the speedy-trial clock, appellant would still be entitled to discharge.

{¶19} On March 14, 2016, counsel appeared with appellant and the matter was set for trial on March 28, 2016, these 14 days were chargeable to the state. Assuming the time period between December 14, 2015 and March 14, 2016 was tolled, a total of 36 days had elapsed for the purpose of speedy-trial calculation.

{¶20} On March 28, 2016, counsel appeared with appellant and, "[f]or good cause shown," continued the matter until May 2, 2016. In its judgment entry, the trial court stated it continued the trial due to a serious illness from which appellant's attorney was suffering which prevented him from proceeding with trial. The trial court's journal again fails to reflect whether appellant's counsel or the state requested the continuance or whether the continuance was entered sua sponte. If it was the court, its statement that it was entered for "good cause" fails to set forth the reason justifying the conclusion. In *Mincy*, *supra*, the Supreme Court determined that a trial court's sua sponte entry of a continuance, without a journal entry setting forth the reasons for the decision, is improper and contrary to law. *Id.* at syllabus. Hence, even if the continuance was entered because of counsel's illness, the trial court's post hoc justification in a subsequent judgment is insufficient to meet the Supreme Court's mandate that the trial court *must* set forth its reasons in its journal entry. *Id.* Accordingly, the 35 days between March 28 and May 2 are chargeable to the state. At this point, accordingly, 71 days had elapsed.

**{¶21}** On May 2, 2016, the court reset trial for May 16, 2016, "due to conflicting notices sent." Although it is not entirely clear to whom conflicting notices were sent, this justification may also be deemed as an otherwise reasonable basis to continue the matter. This justification was entered in the court's journal. Next, on May 16, 2016, appellant's counsel sought to withdraw. According to the court, this motion was occasioned by his lingering medical difficulties. The court consequently granted the motion and reset the matter for June 20, 2016. On June 16, 2016, appellant obtained new counsel, who moved for a continuance, which was granted. And, on June 29, 2016, counsel moved to dismiss. Pursuant to R.C. 2945.72(C) and (H), the period between May 16, 2016 and June 29, 2016 was tolled.

**{¶22}** On August 18, 2016, the trial court denied the motion, erroneously finding 36 days had elapsed for the purpose of speedy-trial calculation. At this time, if we do not charge the time between December 14, 2015 and March 14, 2016, 71 days had elapsed. With this assumption in mind, the trial court properly denied appellant's motion. Appellant filed a motion to reconsider the judgment on September 7, 2016. Between the judgment and the filing of the motion 20 days had elapsed. Charging the additional 20 days, 91 days are chargeable to the state. At this time, appellant's speedy-trial clock had elapsed. Although the court did not expressly rule on appellant's motion for reconsideration, its silence requires us to assume it was overruled. Appellant, however, was entitled to discharge upon the date of its filing. We accordingly hold that, to the extent the time between December 14, 2015 and March 14, 2016 is chargeable to the state, because the court failed to journalize who moved for the continuance, the trial court erred in failing to grant appellant's June 29, 2016 motion to

8

dismiss for speedy-trial violation. If, however, we deemed the evidence of counsel's oral motions sufficient, appellant's speedy-trial time had ran upon the date counsel filed the motion for reconsideration on September 7, 2016. We accordingly hold appellant is entitled to discharge due to a speedy-trial violation. The trial court's judgment is reversed and appellant's pleas and convictions are accordingly vacated.

{¶23} Appellant's assignment of error has merit.

{¶24} For the reasons discussed in this opinion, the judgment of the Trumbull County Court, Central District, is reversed and appellant's convictions are vacated.


COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶25} I dissent from the majority's decision to reverse and vacate Martin's conviction based on the conclusion that her right to a speedy trial was violated. Given that Martin was responsible for several lengthy delays which tolled time in this matter, dismissal is unwarranted since the time for a speedy trial had not yet expired.

{¶26} The conclusion that Martin's speedy trial rights were not violated is based on a careful evaluation of multiple periods of delay. The first extended period of delay was caused when several requests for continuances were made by Martin or her counsel. On December 14, 2015, defense counsel stated that he was unaware the case was set for pretrial, was new to the case, and discussed setting a new pretrial, scheduled for January 13, 2016. At that pretrial, counsel again requested the matter to

9

be reset, noting that he had just received discovery. On the rescheduled date, February 8, 2016, counsel advised that he needed an additional thirty-day continuance to consider a plea offer, and the matter was reset for March 14, 2016.

{¶27} The only conclusion that can be reached based on the facts of this case is that these periods are chargeable to Martin. It is evident from the record that each of the continuances was requested by counsel in order to be fully prepared and that the State was not responsible for this delay. The majority contends that time was not tolled since the trial court's journal entries "fail to disclose that appellant's counsel made the request." This stretches the bounds of reasonableness in applying the speedy trial law. All parties, as well as this court, can plainly discern from the transcript the exact reasons why the continuances were granted and time was tolled: appellant's counsel requested the continuances. This court should not ignore what is evident from the record. While it is accurate that the court speaks through its journal entries, the court clearly stated it granted the continuances. The fact that it did not provide the reasons in the entries does not mean that it had some justification other than the one evident from the record.

{¶28} The majority cites *Mincy* and *Siler, supra,* in support of the argument that a journal entry's failure to charge the delay to a party prevents time from tolling. Courts have properly distinguished these cases under similar circumstances.

{¶29} For example, in *State v. Michael*, 114 Ohio App.3d 523, 683 N.E.2d 435 (7th Dist.1996), the defendant argued that *Mincy* applied since the court did not identify the party against whom the continuance was chargeable or the reasons justifying the continuance, and thus, no delay could be charged to him. The Seventh District properly explained that *Mincy* involved a matter "where the ninety-day period in

10

which appellant was to be brought to trial expired before the court filed a journal entry continuing the case." *Id.* at 528. It further noted that the motions in question were initiated by the appellant and not sua sponte, as was the case in *Mincy*. *Id.* at 528-529. The same circumstances are present here, where Martin requested each of the delays described above.

{¶30} Other opinions have also emphasized that compliance with *Mincy* is not necessary where the continuance issued under R.C. 2945.72(H) did not extend the trial beyond the speedy trial deadline and was not issued sua sponte. *Mansfield v. Clateman*, 5th Dist. Richland No. CA-2700, 1990 WL 16042, *1-2 (Feb. 13, 1990); *State v. High*, 143 Ohio App.3d 232, 244-245, 757 N.E.2d 1176 (7th Dist.2001). Thus, the requirement to explain the basis for charging the delay has no reasonable or necessary applicability when it is clear, as it was here, who has requested the delay. It is necessary for courts to examine the facts of each particular case to "prevent a 'mockery of justice' by discharging defendants if in fact the delay was occasioned by their acts." *State v. Bauer*, 61 Ohio St.2d 83, 84, 399 N.E.2d 555 (1980), citing *People v. Fosdick*, 36 Ill.2d 524, 528-529, 224 N.E.2d 242 (1967).

{¶31} The majority also determines that time should not have tolled for the period during which the trial court granted a continuance for "good cause," which it described as based on an illness by Martin's attorney, since the court failed to clarify which party requested a continuance or whether it was granted sua sponte. According to the trial court, this tolled time for approximately two months from March to May of 2016. Like in the foregoing analysis, it is self-evident that the illness of the defendant's attorney is not time that should be taxed against the State. The same concerns

11

discussed above in relation to *Mincy* apply here as well; the continuance was not granted after the speedy trial time would have expired.

**{¶32}** Interestingly, Martin's brief does not even provide argument as to whether the delay in March to May was proper, but instead advanced only the incorrect argument that time did not toll during the various continuances her counsel requested to prepare, conduct discovery, and review a plea offer.

**{¶33}** The decision to vacate Martin's conviction is part of a common and troubling trend by certain judges on this Court of allowing criminal defendants to go free and not be held accountable due to perceived procedural deficiencies. *See Girard v. Giordano*, 11th Dist. Trumbull No. 2016-T-0071, 2017-Ohio-5647 (discharging a defendant in relation to charges of cruelty to animals when the court failed to require an explanation of facts at the plea hearing, rather than remanding for the court to follow the proper procedure in accepting the defendant's plea). While it is necessary for this court to uphold procedural rules relating to criminal matters, stretching the application of these rules to absolve defendants of any wrongdoing, in cases where dismissal of the charges is unnecessary to protect the rights of defendants, is improper.

**{¶34}** For the foregoing reasons, including that Martin's right to a speedy trial was not violated and delays were based on her own counsel's requests, the judgment of the lower court should be affirmed. I respectfully dissent.